PEOPLE v VANSICKLE

Docket No. 309555. Submitted August 6, 2013, at Detroit. Decided
September 12, 2013. Approved for publication November 5, 2013,
at 9:00 a.m.

Jason L. Vansickle was convicted following a bench trial in the
Oakland Circuit Court, Daniel Patrick O'Brien, J., of delivery of
marijuana. The conviction arose from defendant's sale of mari-
juana to undercover police officers in the parking lot of a
marijuana dispensary, where defendant, a registered qualifying
patient under the Michigan Medical Marihuana Act (MMMA),
MCL 333.26421 *et seq.*, had gone with the alleged intention to
sell the excess marijuana he had grown. Defendant initially met
the officers in the dispensary's waiting area, where the officers
were conducting an undercover investigation of the dispensary,
and offered to sell them marijuana. The parties ultimately left
the dispensary and completed the sale in defendant's truck,
which was parked in the dispensary's parking lot. Defendant
appealed.

The Court of Appeals *held*:

1. The undercover officers merely provided defendant with an
opportunity to commit the crime. The evidence was insufficient to
establish entrapment. The trial court properly denied defendant's
motion to dismiss on the basis of entrapment.

2. The trial court did not abuse its discretion when it
granted the prosecutor's motion in limine to preclude any
mention of the MMMA at the trial. No provision of the MMMA
expressly grants a qualifying patient the right to sell marijuana
to another allegedly qualifying patient. The retroactive applica-
tion of the decision in *Michigan v McQueen*, 293 Mich App 644
(2011), which held that patient-to-patient sales of marijuana are
not permitted under the MMMA, was not a violation of defen-
dant's right to due process of law.

3. The trial court properly determined that the fact that the
trial court had dismissed marijuana-related charges against seven
defendants in other actions involving those defendants' operation
of the dispensary did not require collateral estoppel to apply to the
charge against defendant. The legality of defendant's sale of

marijuana to the undercover officers was neither litigated nor determined in the marijuana-dispensary cases.

Affirmed.

1. CRIMINAL LAW — ENTRAPMENT.

Entrapment occurs if the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or the police engage in conduct so reprehensible that the court cannot tolerate it; the police do not engage in entrapment by merely providing a person with the opportunity to commit a crime; an official may employ deceptive methods to obtain evidence of a crime as long as the activity does not result in the manufacturing of criminal behavior.

2. CRIMINAL LAW — ENTRAPMENT.

Factors to consider in determining whether a defendant was impermissibly induced by the police to commit a crime include: (1) whether there existed appeals to the defendant's sympathy as a friend, (2) whether the defendant had been known to commit the crime with which he or she was charged, (3) whether there were any long time lapses between the investigation and the arrest, (4) whether there existed any inducements that would make commission of a crime unusually attractive to a hypothetical law-abiding citizen, (5) whether there were offers of excessive consideration or other enticement, (6) whether there was a guarantee that the acts alleged as crimes were not illegal, (7) whether, and to what extent, any government pressure existed, (8) whether there existed sexual favors, (9) whether there were any threats of arrests, (10) whether there existed any government procedures that tended to escalate the criminal culpability of the defendant, (11) whether there was police control over any informant, and (12) whether the investigation was targeted.

3. MICHIGAN MEDICAL MARIHUANA ACT — QUALIFYING PATIENT-TO-QUALIFYING PATIENT SALES.

Sales of marijuana by a qualifying patient to another qualifying patient are not permitted under the Michigan Medical Marihuana Act (MCL 333.26421 *et seq.*).

4. JUDICIAL DECISIONS — RETROACTIVE EFFECT — PROSPECTIVE APPLICATION.

Judicial decisions generally are given full retroactive effect and complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw; a violation of due process protections occurs when a retroactively applied judicial decision operates or acts as an ex post facto law; a judicial decision may not

be given retroactive effect if the result is that previously innocent conduct is rendered criminal conduct.

5. ESTOPPEL — COLLATERAL ESTOPPEL.

Collateral estoppel precludes the relitigation of issues between the same parties; the proponent of collateral estoppel must show that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, that the same parties had a full and fair opportunity to litigate the issue, and that there was mutuality of estoppel.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Chief, Appellate Division, and *Jeffrey M. Kaelin*, Assistant Prosecuting Attorney, for the people.

*The Rasor Law Firm* (by *James B. Rasor*) for defendant.

Before: SERVITTO, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM. Defendant appeals as of right his conviction of delivery of marijuana following a bench trial. See MCL 333.7401(2)(d)(*iii*). We affirm.

Defendant's conviction arises from his sale of 3.8 grams of marijuana to undercover Narcotic Enforcement Team (NET) officers in the parking lot of a marijuana dispensary. The evidence showed that the undercover officers and defendant initially met inside the dispensary, which was under investigation, where they discussed the sale of defendant's "overage" supply of marijuana. Defendant, a registered qualifying patient under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*,[1] possessed marijuana that he

---

[1] Although the MMMA refers to "marihuana," by convention this Court uses the more common spelling "marijuana" in its opinions. See *People v Nicholson*, 297 Mich App 191, 193 n 1; 822 NW2d 284 (2012).

claimed was "overage" from his own harvested supply and that he intended to transfer to the marijuana dispensary. According to the testimony of the officers, defendant offered to sell the officers one ounce of marijuana. After the officers said that they did not have sufficient funds for that quantity, defendant offered to sell them a lesser amount. The parties ultimately left the dispensary and entered defendant's truck, where defendant produced a digital scale and marijuana from a glass jar. The officers gave defendant $50 in exchange for the marijuana. After the sale, defendant and the officers discussed opportunities for future transactions involving larger amounts of marijuana.

Before trial, defendant filed a motion to dismiss on the basis of entrapment, which the trial court denied. Defendant also filed a motion to dismiss on the basis of collateral estoppel and argued that, because the court had dismissed charges against several other defendants in a separate prosecution arising from the NET investigation of the marijuana dispensary, the charge against him should also be dismissed. The trial court denied the motion. Before trial, the prosecutor filed a motion in limine seeking to preclude any evidence related to the MMMA, including defendant's alleged claim of immunity under the MMMA and his status as a "medical marijuana patient." That motion was granted. Defendant later waived his right to a jury trial and was convicted of delivery of marijuana in a bench trial. This appeal followed.

Defendant argues that the trial court erred by denying his motion to dismiss on the basis of entrapment. We disagree. We review de novo as a matter of law whether the police entrapped a defendant, but the trial court's specific findings of fact are reviewed for clear error. *People v Fyda*, 288 Mich App 446, 456; 793 NW2d

712 (2010). Findings of fact are clearly erroneous if we are left with a firm conviction that the trial court made a mistake. *Id.*

Defendant had the burden of proving by a preponderance of the evidence that he was entrapped. *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002). "Entrapment occurs if (1) the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or (2) the police engage in conduct so reprehensible that the court cannot tolerate it." *Fyda*, 288 Mich App at 456. The police do not engage in entrapment by merely providing a defendant with the opportunity to commit a crime. *Johnson*, 466 Mich at 498. In determining whether a defendant was impermissibly induced by the police to commit a crime, we consider the following factors:

> (1) whether there existed appeals to the defendant's sympathy as a friend, (2) whether the defendant had been known to commit the crime with which he was charged, (3) whether there were any long time lapses between the investigation and the arrest, (4) whether there existed any inducements that would make the commission of a crime unusually attractive to a hypothetical law-abiding citizen, (5) whether there were offers of excessive consideration or other enticement, (6) whether there was a guarantee that the acts alleged as crimes were not illegal, (7) whether, and to what extent, any government pressure existed, (8) whether there existed sexual favors, (9) whether there were any threats of arrest, (10) whether there existed any government procedures that tended to escalate the criminal culpability of the defendant, (11) whether there was police control over any informant, and (12) whether the investigation was targeted. [*Id.* at 498-499.]

In this case, the trial court held that defendant failed to establish either that the police engaged in impermissible conduct that would induce an otherwise law-

abiding person to commit the crime in similar circumstances or that the police engaged in conduct so reprehensible that the court could not tolerate it. We agree. The evidence established that defendant was not a target of the undercover investigation of the marijuana dispensary and that the officers were not familiar with defendant. Instead, the officers had contact with defendant by chance inside the marijuana dispensary's waiting room. Defendant admitted that he was there to transfer his excess marijuana and obtain reimbursement for his expenses. Testimony indicated that before arriving at the marijuana dispensary, defendant had packaged the surplus marijuana that was at his home, placed it in his vehicle for transport to the marijuana dispensary, and traveled more than an hour with the specific intent of transferring the marijuana to the marijuana dispensary. While in the front waiting area, however, defendant discussed selling the officers some of his marijuana. When the officers indicated that they did not have enough money to purchase the quantity that defendant offered, he offered them a smaller amount. Although an officer ultimately suggested that they go outside to complete the transaction, defendant admitted that he felt uncomfortable discussing the transaction inside the marijuana dispensary "out of respect for the business." Once outside, defendant suggested that the men go to his truck, where defendant produced a digital scale and some marijuana and the transaction was completed.

Although defendant alleges that he engaged in "friendly banter" with the officers that induced him to sell them the marijuana, such "friendly banter" does not establish "impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances . . . ." *Fyda*, 288 Mich App at 456. Further, the testimony indicated that during their

interaction, the officers did not appeal to defendant's sympathy, offer him any unusually attractive inducements or excessive consideration, or use any other means to pressure defendant to sell them marijuana. And although defendant complains that it was reprehensible for the officers to falsely pose as legitimate patients at the dispensary, our Supreme Court has held: "An official may employ deceptive methods to obtain evidence of a crime as long as the activity does not result in the manufacturing of criminal behavior." *People v Jamieson*, 436 Mich 61, 82; 461 NW2d 884 (1990) (opinion by BRICKLEY, J.). Moreover, the testimony indicated that the officers presented their forged marijuana registry patient identification cards to the dispensary's employees, not to defendant. And defendant never asked to see the officers' marijuana registry patient identification cards and never asked them any questions about their status as qualifying patients. In summary, the undercover officers merely provided defendant with an opportunity to commit the crime, which is insufficient to establish entrapment. See *Johnson*, 466 Mich at 498. Accordingly, we affirm the trial court's order denying defendant's motion to dismiss on the basis of entrapment.

Defendant next argues that the trial court erred by granting the prosecutor's pretrial motion in limine to preclude any mention of the MMMA at trial because he had the right to argue that, as "a section 4 patient[,] he was entitled to transfer medical marijuana to a person who he reasonably believed was a MMMA patient pursuant to the statute." We disagree. We review for an abuse of discretion a trial court's pretrial ruling on a motion in limine. *Elezovic v Ford Motor Co*, 472 Mich 408, 431; 697 NW2d 851 (2005). "An abuse of discretion occurs when the decision results in an outcome falling outside the

range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

In a renewed motion in limine, the prosecutor argued that defendant was not entitled to the protections afforded under the MMMA; thus, defendant should be prohibited from referring to the MMMA to explain his actions or defend against the charge. In part, the prosecutor argued that, in *Michigan v McQueen*, 293 Mich App 644, 670; 811 NW2d 513 (2011), aff'd on other grounds 493 Mich 135 (2013), this Court held that patient-to-patient sales of marijuana are not protected activity under the MMMA. Accordingly, defendant did not have a right under § 4 of the MMMA, MCL 333.26424, to immunity related to his sale of marijuana; thus, any evidence related to the MMMA or his alleged status as a legitimate "medical marijuana patient" was irrelevant and must be excluded at trial. In granting the prosecutor's motion in limine, the trial court adopted the reasons set forth by the prosecutor. While it is unclear from the ruling whether the trial court applied this Court's holding in *McQueen*, because it was a specific argument raised by the prosecutor, we will assume that to be the case.

On appeal, defendant challenges, in a footnote in his brief, the retroactive application of our holding in *McQueen*, arguing that, because the plain text of the MMMA "would indicate that [patient-to-patient] transfers were legal prior to the *McQueen* decision," applying the *McQueen* holding retroactively implicated his due process rights. We disagree. Although defendant's conduct giving rise to the charge at issue in this case occurred before this Court's decision in *McQueen*, 293 Mich App 644, and before our Supreme Court affirmed that decision on other grounds, *McQueen*, 493 Mich at 142, we reject defendant's argument that principles of

due process precluded the retroactive application of our *McQueen* decision. In *McQueen*, we held that the definition of "medical use" did not include the "sale" of marijuana and, thus, patient-to-patient sales of marijuana are not permitted under the MMMA. *McQueen*, 293 Mich App at 668-670. Our Supreme Court also held that patient-to-patient sales of marijuana are not permitted under the MMMA, although the "sale" of marijuana does fall within the definition of "medical use." *Michigan v McQueen*, 493 Mich 135, 152, 160; 828 NW2d 644 (2013).

The general rule is that judicial decisions are given full retroactive effect, and complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw. *People v Doyle*, 451 Mich 93, 104; 545 NW2d 627 (1996); *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). However, due process concerns arise when an unforeseeable interpretation of a criminal statute is given retroactive effect. *People v Brown*, 239 Mich App 735, 750; 610 NW2d 234 (2000). When a retroactively applied judicial decision operates or acts as an ex post facto law, a violation of due process occurs. *Doyle*, 451 Mich at 100. Accordingly, a judicial decision may not be given retroactive effect if the result is that previously innocent conduct is rendered criminal conduct. *Id.*

Here, defendant was not charged with violating any penalty provision of the MMMA; rather, defendant was charged with violating a controlled substance provision of the Public Health Code, MCL 333.7401(2)(d)(*iii*). In defense of the charge, defendant alleged that he was entitled to immunity as set forth in § 4 of the MMMA. Accordingly, the retroactive application of our decision in *McQueen* did not present due process concerns be-

cause it did not operate as an ex post facto law. The possession, use, manufacture, or delivery of marijuana was, and remains, illegal under the Public Health Code, MCL 333.1101 *et seq*. Our holding in *McQueen* did not have the effect of criminalizing previously innocent conduct. *Doyle*, 451 Mich at 100. Further, our holding did not have the effect of overruling clear and uncontradicted caselaw. See *id*. at 104. And we reject defendant's claim that our holding in *McQueen* was unforeseeable. In that regard, defendant argues that, before our decision, patient-to-patient transfers of marijuana were legal. However, there is no provision in the MMMA that expressly grants "a qualifying patient" the right to sell marijuana to another allegedly "qualifying patient." Therefore, defendant's argument that the retroactive application of our decision in *McQueen* violated due process protections is without merit.

It follows, then, that we reject defendant's claim that he was improperly denied the right to argue "that because he was a section 4 patient he was entitled to transfer medical marijuana to a person who he reasonably believed was a MMMA patient pursuant to the statute." Defendant did not have the right to sell marijuana under § 4 of the MMMA. The Michigan Rules of Evidence prohibit the admission of evidence that is not relevant. MRE 402. Accordingly, the trial court's order granting the prosecutor's motion in limine to exclude evidence related to defendant's purported claim of immunity under § 4 of the MMMA, as well as evidence related to the MMMA or defendant's alleged status as a legitimate "medical marijuana" patient, did not constitute an abuse of discretion. See *Elezovic*, 472 Mich at 431.

Finally, defendant argues that, because the trial court dismissed marijuana-related charges against

seven defendants involved in the operation of the marijuana dispensary where the events giving rise to his charge arose, collateral estoppel applied and his charge should have been dismissed. We disagree.

We review de novo the application of collateral estoppel. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Collateral estoppel precludes relitigation of issues between the same parties." *VanVorous v Burmeister*, 262 Mich App 467, 479; 687 NW2d 132 (2004). "Generally, the proponent of the application of collateral estoppel must show 'that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel.' " *Trakhtenberg*, 493 Mich at 48 (citation omitted).

The trial court properly determined that collateral estoppel did not apply to this matter. The charges against the marijuana dispensary defendants arose from a law enforcement investigation of that facility. Those charges involved different parties and were based on facts and circumstances distinct from defendant's charged conduct. The seven defendants in the marijuana-dispensary cases were charged with several drug-related offenses as a result of their operation of or employment at the marijuana dispensary on several days in July and August 2010. The charge against defendant was based on a single delivery of marijuana to undercover officers. Although that delivery took place in the parking lot of the marijuana dispensary, defendant was not an owner, employee, or operator of the facility, and he was not charged in connection with the sale of controlled substances from the marijuana dispensary. The legality of defendant's sale of marijuana to the undercover officers in the parking lot was

neither litigated nor determined in the marijuana-dispensary cases. Accordingly, collateral estoppel does not apply to this case and defendant's motion to dismiss was properly denied.

Affirmed.

SERVITTO, P.J., and CAVANAGH and WILDER, JJ., concurred.