# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DONALD RAY FERGUSON,

      Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No. 326709
St. Clair Circuit Court
LC No. 14-001044-FH;
          14-001047-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DIANE FERGUSON,

      Defendant-Appellant.

No. 326725
St. Clair Circuit Court
LC No. 14-001045-FH;
          14-001046-FH

---

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

In these consolidated appeals, defendant Donald Ray Ferguson (Docket No. 326709) appeals as of right his convictions of two counts of delivery of marijuana, MCL 333.7401(2)(d)(*iii*), for which he was sentenced to serve two days' imprisonment and 18 months' probation. Defendant Diane Ferguson (Docket No. 326725) appeals as of right her convictions of delivery of marijuana and aiding and abetting the delivery of marijuana, MCL 333.7401(2)(d)(*iii*), for which she was sentenced as a second-offense habitual offender, MCL 333.7413(2), to serve two days' imprisonment and 18 months' probation. We affirm.

## I. FACTUAL BACKGROUND

At the Fergusons' consolidated jury trial, Deputy John Maxey of the St. Clair County Drug Task Force testified that he responded to a marijuana sales posting on Craigslist. Detective Maxey called the telephone number and spoke with a woman who identified herself as Diane. Diane agreed to sell him an ounce of marijuana for $200.

-1-

Detective Maxey met the Fergusons in the parking lot of a retail store. He gave $200 to Donald, who handed him a brown paper bag that contained a plastic sandwich bag with 33.9 grams of marijuana. Diane informed Detective Maxey that the strain of marijuana was called "Jorge" and said that because the strain was popular, he should speak with her again soon if he wanted more. Two days later, Detective Maxey arranged to purchase more marijuana at the same location. Donald arrived alone for the transaction. After Detective Maxey purchased the additional marijuana, he arrested Donald. Shortly afterward, officers executed a search warrant at the Fergusons' home, during which officers found marijuana plants, growing lights, scales, and glass jars, and a blue tote labelled "Jorge."

Before the trial, the Fergusons moved to suppress evidence obtained as a result of the search of their home. In pertinent part, they moved to dismiss the charges under § 4 and § 8 of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421, and on the basis of entrapment. At the evidentiary hearing, Detective Maxey testified that he identified himself at the drug purchases as "Joe," provided the Fergusons with a fake medical marijuana patient card, and informed the Fergusons that he had cancer.

The trial court denied the Fergusons' motion to suppress the evidence, concluding that the Fergusons were not entitled to MMMA immunity. Specifically, the purchase was not made between a registered caregiver and patient, so § 4 was inappropriate, and the Fergusons had failed to present evidence regarding affirmative defenses under § 8 at the evidentiary hearing. The trial court also rejected the Fergusons' entrapment defense because they had solicited marijuana sales on Craigslist and therefore were predisposed to commit the crime. The trial court prohibited the Fergusons from presenting evidence regarding medical marijuana, concluding that the evidence was not relevant to the facts at issue.

The jury found the Fergusons guilty as described above. They now appeal.

## II. MEDICAL MARIJUANA EVIDENCE AND DEFENSE

The Fergusons argue that the trial court unconstitutionally prevented them from presenting a defense when it precluded them from presenting evidence pertaining to medical marijuana. We disagree.

"A defendant has a constitutionally guaranteed right to present a defense, which includes the right to call witnesses." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). However, this right is not absolute. *Id*. The defendant must comply with procedural and evidentiary rules. *Id*. The "defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008) (quotation marks and citation omitted).

> [A] primary caregiver seeking to assert the protections of § 4 must prove four elements by a preponderance of the evidence. A primary caregiver must prove that, at the time of the charged offense, he or she (1) possessed a valid registry identification card; (2) possessed no more marijuana than allowed under § 4(b); (3) stored any marijuana plants in an enclosed, locked facility; and (4) was

assisting connected qualifying patients with the medical use of marijuana. [*People v Hartwick*, 498 Mich 192, 221; 870 NW2d 37 (2015).]

Transactions outside the scope of the MMMA rebut the presumption that a caregiver was engaged in the medical use of marijuana. *Id*. at 224.

Section 8(a) of the MMMA provides that any patient or primary caregiver may assert an affirmative defense to a marijuana-related offense. *Id*. at 226. However, "if a defendant has not presented prima facie evidence of each element of § 8 by 'present[ing] evidence from which a reasonable jury could conclude that the defendant satisfied the elements of the § 8 affirmative defense, . . . then the circuit court must deny the motion to dismiss the charges' and 'the defendant *is not permitted to present the § 8 defense to the jury*.' " *Id*. at 227, quoting *People v Kolanek*, 491 Mich 382, 416; 817 NW2d 528 (2012) (emphasis added).

The Fergusons do not challenge the trial court's findings after the evidentiary hearing— they do not contend that the trial court improperly determined that they lacked MMMA immunity under § 4 and failed to present evidence regarding § 8. They instead contend that the trial court should have allowed them to present medical marijuana-related evidence to the jury: specifically, that Detective Maxey presented a patient card. We reject this argument. The Fergusons did not comply with the rules necessary to present a medical marijuana defense. Accordingly, the trial court did not unconstitutionally prevent the Fergusons from presenting this defense.

The Fergusons also contend that the trial court abused its discretion in permitting the prosecution to admit evidence of the marijuana in the Fergusons' home and in excluding evidence that Detective Maxey showed them a medical marijuana card before purchasing marijuana. We disagree.

We review for an abuse of discretion the trial court's evidentiary rulings. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The trial court may only admit relevant evidence. MRE 402. Relevant evidence is evidence that has any tendency to make a fact of consequence more or less probable. MRE 401. Evidence may be relevant even when it does not pertain to an element of an offense, as long as it pertains to a matter in controversy. *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005).

But even if evidence is relevant, the trial court may not admit it if the danger of its prejudicial effect substantially outweighs its probative value. MRE 403. The prejudicial effect of the evidence substantially outweighs its probative value when evidence is only marginally probative and there is a danger that the trier of fact may give it undue or preemptive weight, or when use of the evidence is inequitable. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998); *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). Under MRE 403, the trial court has the best opportunity to contemporaneously assess the relative weight of the evidence's probative value and prejudicial effect. *Id*.

First, we conclude that the trial court did not err by excluding evidence that Detective Maxey presented a marijuana patient card. The trial court does not abuse its discretion by excluding as irrelevant evidence related to the MMMA if it determined that the MMMA does not apply. *People v Vansickle*, 303 Mich App 111, 120; 842 NW2d 289 (2013). Further, an officer's use of a fake medical marijuana patient card is not relevant in determining whether the defendant intended to illegally distribute marijuana when the officer was not connected to the defendant in a caregiver-patient relationship. *People v Danto*, 294 Mich App 596, 604-605; 822 NW2d 600 (2011). As previously discussed, the trial court ruled that the Fergusons did not comply with the MMMA § 4 and were not entitled to present a § 8 defense. Neither the Fergusons' status as caregivers nor Detective Maxey's patient card had any bearing on whether an illegal delivery occurred.

Second, we conclude that the trial court did not abuse its discretion in admitting evidence of marijuana, scales, and packaging found at the Fergusons' house. First, this evidence was relevant because it tended to make it more likely that the Fergusons illegally distributed marijuana and that Diane was aiding Donald in his delivery outside of the home. The trial court also weighed the prejudicial effect and probative value of the evidence, and it excluded a variety of evidence found at the Fergusons' home, admitting only a limited amount. Its decision regarding how much evidence to admit fell within the range of principled outcomes.

## III. SUFFICIENCY

Diane contends that insufficient evidence supported her conviction of aiding and abetting the delivery of marijuana during the second marijuana transaction. Specifically, Diane contends that there was no evidence of her identity as the person that Detective Maxey spoke with on the phone before Donald delivered the marijuana. We disagree.

We review de novo claims that insufficient evidence supported a defendant's conviction. *People v Mayhew*, 236 Mich App 112, 124; 600 NW2d 370 (1999). We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently prove the elements of a crime. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

The elements of delivery of marijuana are: (1) the defendant gave a substance to another individual, (2) she knew she was delivering the substance, (3) the substance was marijuana, and (4) the substance weighed less than five kilograms. *People v Williams*, 294 Mich App 461, 470; 811 NW2d 88 (2011). In order to convict a defendant as an aider and abettor, the prosecution must also prove that (1) the defendant or another individual committed a crime, (2) the defendant performed acts or gave encouragement that aided or assisted in the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended its commission when the defendant gave the assistance. *People v Jones*, 201 Mich App 449, 451; 506 NW2d 542 (1993). Additionally, "identity is an element of every offense." *Yost*, 278 Mich App at 356. "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

-4-

In this case, Detective Maxey testified that the person he spoke with on the phone was the same person that was involved in the first transaction—in other words, Diane. Strong circumstantial evidence also supported Diane's identity as the person that Detective Maxey engaged with during the first transaction. After Detective Maxey had purchased the first ounce of marijuana, Diane told him to call her soon if he wanted more. Detective Maxey then proceeded to call the same telephone number two days later and spoke with a person who identified herself as Diane. Officers found Diane in the home with scales and marijuana of the same strain as Donald delivered to Detective Maxey. We conclude that sufficient evidence supported Diane's conviction as an aider and abettor in the delivery of marijuana.

## IV. ENTRAPMENT

Diane contends that the trial court erred when it found that Detective Maxey did not entrap her because Detective Maxey engaged in reprehensible conduct. We disagree.

This Court reviews de novo whether the police entrapped a defendant, and reviews its findings supporting its determination for clear error. *Vansickle*, 303 Mich App at 114. The trial court's findings are clearly erroneous if we are definitely and firmly convinced that it made a mistake. *Id*. at 115.

Entrapment is an affirmative defense that may bar a prosecution. *People v Juillet*, 439 Mich 34, 52; 475 NW2d 786 (1991) (opinion by BRICKLEY, J.). The purpose of this defense is to deter abuse of police authority by precluding criminal liability for acts that the police instigated. *Id*. In other words, the entrapment defense exists to prevent the police from inducing crime instead of detecting criminal behavior. *Id*. at 53.

The defendant has the burden to prove entrapment by a preponderance of the evidence. *Id*. at 61. A defendant may establish an entrapment defense in one of two ways: "(1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated." *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002). The police do not engage in entrapment by merely providing a defendant an opportunity to commit a crime. *Id*.

In this case, Detective Maxey contacted a phone number that was available on a Craigslist posting that solicited marijuana purchasers. He spoke with a woman on the phone who he later recognized as Diane. While he presented a fake medical marijuana patient card and claimed to have cancer, "[a]n official may employ deceptive methods to obtain evidence of a crime as long as the activity does not result in the manufacturing of criminal behavior." *Vansickle*, 303 Mich App at 117 (quotation marks and citation omitted). Detective Maxey's deceptive method did not manufacture Diane's pre-existing behavior of soliciting marijuana sales. We conclude that the trial court did not clearly err when it found that Detective Maxey did not instigate Diane to commit a crime.

We affirm.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell