# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUAN MARTINEZ III,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 341147
Berrien Circuit Court
LC No. 2017-015329-FH

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

RIORDAN, J. (*dissenting*)

    I dissent.

    I would reverse and remand for a new trial because, after hearing the disputed evidence, a jury very well may have found JG not to be truthful as the excluded testimony was almost word-for-word identical to the allegations at issue in this case. In a nutshell, she previously threatened to lie about a sexual assault, and that behavior directly bears on her credibility in this case.

    JG, the teenage daughter of defendant's then-girlfriend, accused defendant of touching her breasts outside and under her clothing, holding her to the bed when she tried to leave, and digitally penetrating her vagina. JG told her ex-boyfriend about the assault a few weeks later. She did not tell her family about the assault until her mother informed her that defendant might be moving back into the family home when he was released from jail on an unrelated domestic violence incident. At the preliminary examination, defendant elicited testimony from JG that she previously told her mother that she would fabricate a story about her biological father "touching her" if her mother chose to let him move back home. JG's mother corroborated that story.

    Here, defendant maintains that he did not assault JG, and he alleged at trial that she made up the story to prevent him from returning to JG's home. Before trial, the court granted the prosecution's motion in limine to bar defendant from asking similar questions at trial. In this appeal, the majority now concludes that any error was harmless. However, I would hold that the trial court abused its discretion by granting the motion because the evidence was admissible, and that this was not harmless error.

    A trial court's decision to grant or deny a motion in limine is reviewed for an abuse of discretion. *People v Vansickle*, 303 Mich App 111, 117; 842 NW2d 289 (2013). "An abuse of

-1-

discretion occurs when the trial court renders a decision that falls outside the range of principled decisions." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012).

The trial court concluded that the preliminary examination testimony regarding JG's contemplated false accusations of sexual abuse by her father was inadmissible hearsay and that no exception applied. Hearsay "is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible unless it falls within one of the exceptions listed in the Michigan Rules of Evidence. MRE 802; *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). Unsworn, out-of-court statements concerning prior false allegations of molestation are not inadmissible hearsay when they are offered to directly attack a declarant's credibility, rather than to show that any such molestation occurred. *People v Solloway*, 316 Mich App 174, 198–99; 891 NW2d 255 (2016).

Here, the unsworn, out-of-court statements regarding JG's self-admitted plan to falsely accuse her biological father of sexual abuse were not offered for the truth of the matter asserted. In seeking admission of these statements, defendant did not set out to prove that JG's biological father sexually abused her, that JG actually alleged any such abuse, or that JG disclosed to her mother, or any other party, her plan to falsely accuse her father of sexual abuse. Rather, defendant sought to directly attack JG's credibility. Preclusion of such testimony on hearsay grounds is improper. *Solloway*, 316 Mich App at 199. Moreover, JG made statements under oath that she had been willing to fabricate a story of criminal sexual conduct to keep her mother from getting back together with a man. Accordingly, I would hold that this evidence was improperly excluded as inadmissible hearsay and the trial court's finding otherwise was in error.

Furthermore, I do not believe that the error was harmless. Our Supreme Court recently reiterated the proper analysis in light of such an error in *People v Denson*, 500 Mich 385, 396-397; 902 NW2d 306 (2017) (footnote omitted):

> When we find error in the admission of evidence, a preserved nonconstitutional error "is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict." *People v Douglas*, 496 Mich 557, 565-566; 852 NW2d 587 (2014) (quotation marks and citations omitted); [*People v*] *Lukity*, 460 Mich [484,] 495-496[; 596 NW2d 607 (1999)]. This inquiry "focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence." *Lukity*, 460 Mich at 495 (quotation marks and citation omitted). "In other words, the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *Id*.

Considering all of the evidence admitted at trial, it was more probable than not that the jury's verdict was affected by its inability to properly consider JG's credibility. The admitted evidence amounted to a credibility battle between JG and defendant. There were no other witnesses to the alleged assault, nor was any DNA or other physical evidence admitted which would have corroborated JG allegations or defendant's account. The prosecution introduced as

evidence a Facebook message between JG and her boyfriend which amounted only to a recounting of the testimony JG gave as a witness and was a rehash of the same allegations she considered lodging against her biological father. In other words, the Facebook conversation was not additional, substantive evidence of defendant's guilt, but merely was cumulative of JG's testimony at trial. Moreover, JG omitted from her Facebook conversation any mention of the digital penetration. Accordingly, that evidence would, at most, support only the allegations of CSC-IV—not the allegations of CSC-III.

In addition to this case amounting to a one-on-one credibility battle between defendant and JG, the excluded evidence also was specific and highly relevant. As our Supreme Court held nearly 90 years ago, an "elementary principle[] of cross-examination is that the party having the right to cross-examine has a right to draw out from the witness and lay before the jury anything . . . which tends or may tend to elucidate the testimony or affect the credibility of the witness." *People v Salimone*, 265 Mich 486, 499-500; 251 NW 486 (1933). "Clearly, evidence is relevant when it affects the credibility of the victim," and the "jury is generally entitled to weigh all evidence that might bear on the truth or accuracy of a witness's testimony." *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012).

At the preliminary examination, the trial court permitted defendant to engage in the line of questioning that is the subject of this appeal, and JG admitted that when she was 14 years old, three years before the trial in this case, her mother suggested that she might allow JG's biological father to move back in with the family. JG further admitted, under oath, that she told her mother that she would accuse her father of inappropriately touching her if her mother allowed him in the home. JG's mother corroborated that story during her testimony at the preliminary examination. JG attempted to explain away her previous conduct by stating that she was younger, her father was abusive, and she did not fully understand the seriousness of the allegation.

Here, JG was aware that her mother again was considering the possibility of allowing a former love interest to move back into the family home. After being alerted to that possibility, JG informed her mother of the alleged sexual abuse by defendant. The similarities between the two situations are eerily striking and render JG's prior threat to falsely accuse her father highly probative of her character for truthfulness as to the allegations she made against defendant. Although JG's father eventually did move back into the family home and JG never followed through on the threatened allegations, those two facts, though also admissible, are insufficient to convince me that a reasonable juror would not have seriously questioned JG's motives in the matter before us.

Ultimately, considering the circumstances of this case, the decision on whether to believe JG in light of all of those competing facts should lay with the jury, not with this Court on appeal, and the jury in this case was denied the opportunity to make an informed decision based on admissible evidence on the single most important and, most likely, deciding issue in the case.

I also have taken into account that our Supreme Court has stressed that an error is more likely to be outcome determinative in cases such as these, "where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant . . . ." *People v Gursky*, 486 Mich 596, 620-621; 786 NW2d 579 (2010). Although the Supreme Court in *Gursky* was considering improperly admitted hearsay testimony corroborating the victim's version of the

story, the same reasoning applies here. See *id*. To wit, a jury being permitted to hear additional inadmissible testimony bolstering the credibility of the victim, like in *Gursky*, would have a similar effect as a jury being denied the opportunity to hear additional admissible evidence suggesting that the victim lacks credibility. Indeed, the Supreme Court also has held that an admissible and highly probative attack on a complainant's credibility in a case "providing mere 'he said, she said' testimony contradicting the complainant's version of events . . . would have tipped the scales in favor of finding a reasonable doubt about defendant's guilt." *People v Armstrong*, 490 Mich 281, 291-292; 806 NW2d 676 (2011).

Considering the probative value of JG's prior threat to make a false accusation of inappropriate touching under almost the same circumstances as here, I would hold that "it is more probable than not that a different outcome would have resulted without the error." *Denson*, 500 Mich at 397 (quotation marks omitted); see also *Armstrong*, 490 Mich at 291-292. In this matter, it should be the province of the jury to determine whether to believe JG in light of *all* the evidence regarding her credibility. See *Salimone*, 265 Mich at 499-500.

I would reverse and remand for a new trial consistent with this opinion.[1]

/s/ Michael J. Riordan

---

[1] Because, in my view, a new trial is warranted, defendant's remaining issues regarding the alleged ineffective assistance of counsel and necessity for a mistrial have been rendered moot and I would decline to consider them. *People v Pointer-Bey*, 321 Mich App 609, 626; 909 NW2d 523 (2017) ("Given that we have already granted defendant relief in connection with these issues, his [remaining] arguments in this regard are moot, and we need not consider them.").