*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIRK NEAL BROWN II,

Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 360613
St. Clair Circuit Court
LC No. 21-001191-FH

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

A jury convicted defendant Kirk Neal Brown II of being a felon in possession of a firearm and ammunition based on contraband found in his home during a search. The jury acquitted Brown of charges of possession with intent to deliver less than 50 grams of cocaine, maintaining a drug house, and possession of a firearm during the commission of a felony. Brown contends that he was entitled to a hearing to explore the search warrant's validity and argues that his convictions must be overturned based on entrapment. We discern no error and affirm.

## I. BACKGROUND

On May 25, 2021, the St. Clair County Drug Task Force (DTF) executed a search warrant at Brown's house and uncovered cocaine in powder and crystal form, a cocaine dusted scale, more than $4,000 in cash, and a loaded firearm. Earlier that day, United States Border Patrol Agent Alan Merle submitted a search warrant affidavit, asserting that two confidential informants (CIs) had purchased narcotics from Brown at his home in the past 30 days. Agent Merle learned from fellow DTF member, St. Clair Sheriff's Deputy Timothy McNabb, that Brown had been a CI in the past but that "he was not living up to his end of the deal." Specifically, although McNabb and Brown had spoken on occasion, Brown "was not doing any controlled purchases." This information was not included in the search warrant affidavit.

Earlier in May 2021, McNabb notified his CIs that the DTF was looking for Shondy Baggetta, a fugitive with outstanding warrants. Brown told Deputy McNabb that he could lure Baggetta to his house. On May 25, Brown sent a picture of Baggetta's car in his driveway to Deputy McNabb. McNabb was on sick leave and relayed the information to other DTF members.

-1-

Unbeknownst to McNabb, some of the DTF members were preparing to execute the search warrant at Brown's home that day. As noted in the search warrant affidavit, that raid stemmed from Brown's sale of narcotics from his house, and not from Baggetta's presence. Baggetta was not mentioned in the warrant affidavit.

When the DTF members searched Brown's house, they found Baggetta and Brown in the living room with baggies of cocaine on the couch. Brown told the officers where to find other contraband, and was forthcoming about his activities in buying and selling drugs.

After his arrest, Brown filed a motion for a *Franks*[1] hearing. Brown contended that the search warrant improperly entered as Agent Merle's affidavit "contained deliberate falsehoods" or statements made with "a reckless disregard for the truth." Specifically, Brown asserted that Merle "deliberately omitted pertinent information so as to make it appear that [Brown] was acting on his own" in buying and selling narcotics "rather than as a [CI] for the [DTF]." The prosecution retorted that Merle did not manipulate the affidavit. Even if Brown was a CI, this did "not provide him a green light and an open door to commit crimes such as illegally possessing narcotics, selling narcotics, and/or possessing handguns as a convicted felon whenever he so chooses."

The circuit court denied Brown's motion for a *Franks* hearing. The matter proceeded to trial with the admission of evidence uncovered during the search. As noted, the jury convicted Brown of being a felon in possession of a firearm and ammunition, but acquitted him of the drug and felony-firearm charges.

Brown now appeals.

## II. ANALYSIS

Brown contends that his convictions should be reversed because the DTF's conduct in effecting his arrest was reprehensible. Although Brown raised a reprehensibility argument below, he did so in support of his motion for a *Franks* hearing, not as a defense to the charges at trial. Therefore, this issue is not preserved and our review is limited to plain error affecting Brown's substantial rights. See *People v Evans*, 335 Mich App 76, 88; 966 NW2d 402 (2020). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

A criminal defendant bears "the burden of proving by a preponderance of the evidence that he was entrapped." *People v Vansickle*, 303 Mich App 111, 115; 842 NW2d 289 (2013). "Entrapment occurs if (1) the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or (2) the police engage in conduct so reprehensible that the court cannot tolerate it." *Id*. (quotation marks and citation omitted). Brown concedes that no law enforcement officer induced him to commit a crime. Rather, he asserts that Agent Merle was aware of his plan to lure Baggetta to his house within the

---

[1] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

scope of his duties as a CI, and deliberately omitted that information from the warrant affidavit to make it appear that Brown was acting on his own. Brown contends that this conduct was so reprehensible that his convictions should be reversed.

Reprehensible conduct alone can constitute entrapment; the defendant need not establish that the reprehensible conduct instigated his commission of the charged crime. *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010); *People v Fabiano*, 192 Mich App 523, 528-529; 482 NW2d 467 (1992). Reprehensible police conduct constitutes entrapment when, "as a matter of public policy, it could not be tolerated regardless of its relationship to the crime." *People v Johnson*, 466 Mich 491, 507; 647 NW2d 480 (2002). Merely providing a defendant with the opportunity to commit a crime is not so reprehensible as to support an entrapment defense. *Id*. at 508.

Brown never contended that he was dealing drugs on behalf of the DTF. He never claimed that the drugs or weapon in his home were provided by a law enforcement officer to use in his role as a CI. Brown suggests that he lured Baggetta to his home on the pretext of selling her drugs and that he lured Baggetta on Deputy McNabb's behalf. However, Brown admitted to officers on the scene that he had sold drugs on other occasions. Indeed, the search warrant was based on Brown's sale of narcotics to two other CIs. Brown was not acting on behalf of any DTF officer during those sales. Baggetta's presence on the day of the search was completely irrelevant to the search. Accordingly, even if Agent Merle knew about the plan to lure Baggetta, he would have no reason to include that information in his search warrant affidavit. Although the agent could have mentioned that Brown had been a CI in the past, any such statement would have included information that Brown's possession and delivery of controlled substances was not sanctioned. The warrant was properly issued based on Brown's independent criminal conduct, which had nothing to do with his plan involving Baggetta or his role as a CI. Agent Merle did not act in a reprehensible manner in authoring his search warrant affidavit.

In his Standard 4 brief, Brown argues that the circuit court abused its discretion in denying his motion for a *Franks* hearing based on the omission of information in the search warrant affidavit. We review for an abuse of discretion a court's decision whether to conduct an evidentiary hearing. *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017).

A search warrant may only be issued if it is supported by probable cause. *Id*. "A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances." *Id*. Pursuant to *Franks*, a defendant may "challenge the veracity of a warrant affidavit after the warrant has been issued." *Id*. at 102 (emphasis omitted). Though a warrant affidavit is presumed to be valid, "a defendant is entitled to an evidentiary hearing in order to show that the affidavit is void when the defendant makes a substantial preliminary showing of a deliberate falsehood or reckless disregard for the truth by the affiant." *Id*. at 103.

> "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof . . . .

Allegations of negligence or innocent mistake are insufficient." [*Id*., quoting *Franks*, 438 US at 171-172.]

If a defendant successfully challenges the veracity of the warrant affidavit, the defendant "may then be entitled to have the warrant voided." *Franklin*, 500 Mich at 104. However, if the affidavit would still support the issuance of a warrant absent the challenged statements, no evidentiary hearing is required and the warrant is not voidable. *Id*. at 103.

The trial court incorrectly ruled below that *Franks* does not apply to omitted facts in search warrant affidavits. "The rule from *Franks* is also applicable to material omissions from affidavits." *People v Mullen*, 282 Mich App 14, 24; 762 NW2d 170 (2008) (quotation marks and citation omitted). "[O]nly when there have been material omissions necessary to the finding of probable cause may the resulting search warrant be invalidated." *Id*. (emphasis omitted). Simply proving a warrant affiant omitted information is insufficient to invalidate a search warrant; the omission must be material, meaning that the inclusion of the information would have precluded a finding of probable cause. *Id*. "Probable cause does not require certainty. Rather, it requires only a probability or substantial chance of criminal activity." *Id*. at 27 (quotation marks and citations omitted).

Agent Merle's failure to reveal that Brown was a CI for DTF was not a material omission. As discussed previously, the warrant affidavit was based on Brown's possession and sale of illegal drugs, which did not fall within the scope of his duties as a CI. Brown's activities as a CI were unrelated to his criminal behavior, which formed the basis for the affidavit. Accordingly, Brown's status as a CI was immaterial to the magistrate's finding of probable cause to issue the warrant. As the omission was immaterial, whether Agent Merle knew Brown was a CI at the time he authored the affidavit is inconsequential. Brown was not entitled to a hearing and the omission could have no bearing on the warrant's validity.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Noah P. Hood