*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JENNIFER LEE WITZ, formerly known as
JENNIFER LEE KLOPSTEIN,

Defendant-Appellant.

UNPUBLISHED
June 10, 2025
3:19 PM

No. 372258
Baraga Circuit Court
LC No. 2023-001735-FH

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, Jennifer Lee Witz, appeals by leave granted[1] the trial court's order denying her motion to dismiss a charge against her. Defendant was charged with delivery of methamphetamine, MCL 333.7401(2)(b)(*i*). Defendant asserts she was entrapped. Defendant's charge stems from her communications with an undercover officer and her attempted sale of methamphetamine to him. As part of their communications leading up to the attempted sale, the officer offered defendant a fabricated employment application. On appeal, defendant argues the trial court clearly erred by denying her motion to dismiss because the officer entrapped her into the attempted sale by the condition of the potential employment. For the reasons stated in this opinion, we disagree and affirm.

## I. BACKGROUND

A detective deputy with the Upper Peninsula Substance Abuse Enforcement Team learned, from confidential informants and local law enforcement officers in Baraga County, that defendant and her partner had been selling methamphetamine out of their home. The officer used a social media application to communicate with defendant without telling her that he was a law enforcement officer. Once the officer verified that it was defendant using the account, he asked if

[1] *People v Witz*, unpublished order of the Court of Appeals, entered January 17, 2015 (Docket No. 372258) (O'BRIEN, J., would have denied leave to appeal).

she had any stimulants. In response, defendant told the officer that she could get methamphetamine.

The officer asked to buy methamphetamine several times while they exchanged messages about defendant's personal life and relationship issues. During their conversation, defendant mentioned that she quit her job several months earlier and was unemployed. The officer offered to give defendant a job application for his friend's company, explaining that his friend was looking for someone with a driver's license to haul materials and pick up supplies. The job and application were fictitious, but defendant believed they were real. The officer later offered to meet with defendant and give her an application, and he further asked defendant if she could bring any Adderall or methamphetamine to sell him. Defendant told the officer that she could sell him a gram of methamphetamine and arranged to meet with him within a couple hours. When defendant met with the officer and attempted to sell him the methamphetamine, the officer arrested her. Defendant's conversation with the officer began less than 48 hours before her arrest, and the officer was not familiar with defendant outside of his investigation.

After she was bound over, defendant moved to dismiss the charge on the basis that she had been entrapped. She argued that she was unemployed and that the officer engaged in reprehensible conduct by promising her help with finding a job in exchange for selling him drugs. The trial court found that defendant did not meet her burden to establish entrapment, noting that the officer was not the instigator of defendant's criminal activity and the officer's behavior was different from that in cases when entrapment did occur. The trial court emphasized that the officer did not appeal to defendant as a friend, he did not promise her employment, and he did not try to convince defendant that her conduct was legal. In light of the evidence presented at defendant's preliminary examination and motion hearing, the trial court denied defendant's motion to dismiss on entrapment grounds. This appeal followed.

## II. STANDARD OF REVIEW

This Court has recently clarified the proper standard of review for claims of entrapment. "[F]actual findings are reviewed for clear error, questions of law are reviewed de novo, and the trial court's ultimate ruling on the issue of entrapment is reviewed for clear error." *People v Jade*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365951); slip op at 6. Clear error exists if we are "left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002). Defendant bears the burden of establishing by a preponderance of the evidence that she was entrapped. *Id.*

## III. ANALYSIS

Defendant argues on appeal that she was entrapped as a matter of law because the officer's conduct, of offering prospective employment to induce criminal conduct, was reprehensible. We disagree.

Two forms of entrapment are recognized under Michigan law as defined by a "modified objective test." *Id.* at 508. Under this test, "a defendant is considered entrapped if either (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot

be tolerated." *Id*. at 498. There is no entrapment, however, if the police merely provide the defendant with the opportunity to commit the offense. *Id*.

In the first form of entrapment—impermissible inducement—the court considers 12 factors. *Id*. at 498-499. Although defendant raised this form of entrapment in the trial court below, she has not raised an argument regarding this type of entrapment on application for leave to appeal in this Court or in her appellate brief. She only argues she was entrapped as a matter of law under the second form of entrapment—reprehensible police conduct. For this reason and because defendant's appeal is limited only to the issues raised and addressed in her application, see MCR 7.205(E)(4), we will only address whether the officer's conduct was reprehensible.

Under the second form, entrapment will be found "if the police engaged in conduct so reprehensible that it cannot be tolerated." *Jade*, ___ Mich App at ___; slip op at 11 (quotation marks and citation omitted). This Court has defined reprehensible conduct as "certain conduct by government that a civilized society simply will not tolerate, and the basic fairness that due process requires precludes continuation of the prosecution where the police have gone beyond the limit of acceptable conduct in ensnaring the defendant, without regard to causation." *People v Fabiano*, 192 Mich App 523, 532; 482 NW2d 467 (1992). Entrapment may also arise in this form "if the furnishing of the opportunity for a target to commit an offense requires the police to commit certain criminal, dangerous, or immoral acts." *People v Connolly*, 232 Mich App 425, 429-430; 591 NW2d 340 (1998) (quotation marks and citation omitted). However, "an official may employ deceptive methods to obtain evidence of a crime as long as the activity does not result in the manufacturing of criminal behavior." *People v Vansickle*, 303 Mich App 111, 117; 842 NW2d 289 (2013) (quotation marks and citation omitted).

The trial court did not clearly err when it denied defendant's entrapment defense. The evidence demonstrated that the officer asked defendant for drugs early in their conversation and defendant asked the officer if he did "up" or "go fast," meaning methamphetamine. When the officer offered to meet about the job application and requested methamphetamine or Adderall, defendant quickly agreed to sell him methamphetamine at a specific price. Defendant demonstrated knowledge and experience with narcotics transactions and disclosed to the officer that she had previously been traveling to Wisconsin for methamphetamine. Defendant was able to obtain methamphetamine within three hours of the officer asking to buy some from her. Defendant also demonstrated she was aware of the illegal nature of her conduct by demanding that the officer consume the methamphetamine she sold to prove that he was not a law enforcement officer. This demonstrated the officer provided her with the opportunity to commit a crime, and defendant took that opportunity of her own free will. See *Johnson*, 466 Mich at 498.

Defendant argues the officer engaged in reprehensible conduct when he offered her employment. Noting that the officer knew she was unemployed at the time, defendant argues the promise of employment in exchange for participating in a drug sale showed reprehensible conduct. In support of this argument, defendant relies solely on a panel of this Court's decision in *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued July 28, 2016 (Docket No. 326504). In that case, the panel held that, under the 12-factor test for entrapment, a coworker entrapped an otherwise law-abiding citizen who was not known to participate in marijuana sales to commit a crime through undue pressure, including conditioning a substantial promotion and

wage increase on the sale of drugs over several months and incorrectly advising that the conduct was lawful. *Id*. at 4-5.

As an initial matter, *Johnson* is unpublished and nonbinding on this Court. See MCR 7.215(C)(1). Second, *Johnson* involved the first form of entrapment, judged by using a 12-factor analysis, that defendant does not argue in this case. Conditioning a promotion at work on drug sales was just one aspect of a highly pressurized campaign against the defendant over several months. *Johnson*, unpub op at 4-5. Third and finally, the promotion was a significant, even life-altering, wage increase offered by a supervisory employee to a subordinate employee in return for participating in marijuana sales. *Id*. For these reasons, *Johnson* is readily distinguishable and we decline to rely on it.

In this case, the officer offered defendant an application for part-time work at a pay range commensurate with the average pay in the county. This was only a speculative opportunity to apply for a job, rather than guaranteed employment. Defendant readily acknowledged that she had been routinely paid more over the past ten years. Further, the evidence does not support that the officer leveraged employment in exchange for the drug sale. Rather, the officer asked defendant if she could bring methamphetamine when they met. At no point was the officer's conduct dangerous, illegal, or immoral. See *Connolly*, 232 Mich App at 429-430. Instead, his conduct merely furnished an opportunity for defendant to commit a crime, see *Johnson*, 466 Mich at 498, and the use of deceptive tactics was permissible, see *Vansickle*, 303 Mich App at 117. Accordingly, we are not left with a definite and firm conviction that the trial court made a mistake by denying defendant's motion to dismiss on entrapment grounds. *Johnson*, 466 Mich at 498.

Affirmed.

/s/ Mark T. Boonstra
/s/ James Robert Redford
/s/ Philip P. Mariani

-4-