# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 14, 2017

Plaintiff-Appellee,

v

No. 332323
Saginaw Circuit Court
LC No. 05-025865-FH

TOD KEVIN HOUTHOOFD,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Following a remand to the trial court, this case is before us after the trial court resentenced defendant to 360 to 600 months' imprisonment for his conviction of solicitation to commit murder, MCL 750.157b. Defendant appeals as of right. We conclude that *Lockridge*[1] applied to defendant at the resentencing. However, because the trial court failed to score the guidelines as required by *Lockridge*, we again vacate defendant's sentence and remand for resentencing.

The present case has a long factual and procedural history, arising from three consolidated lower court cases, which were tried together in 2006. A jury convicted defendant of solicitation to commit murder, witness intimidation, and obtaining property valued at over $100 through false pretenses. With regard to solicitation to commit murder, the trial court departed upward from the recommended minimum sentence range and originally sentenced defendant to 40 to 60 years' imprisonment. Defendant then appealed to this Court as of right.

This case has been before us on four previous occasions,[2] and defendant has been resentenced in connection with his solicitation to commit murder conviction on three occasions.

---

[1] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[2] *People v Houthoofd,* unpublished opinion per curiam of the Court of Appeals, issued February 3, 2009 (Docket No. 269505) (*Houthoofd I* ), rev'd in part and remanded *487 Mich 568 (2010); People v Houthoofd (On Remand),* unpublished opinion per curiam of the Court of Appeals, issued December 2, 2010 (Docket No. 269505) (*Houthoofd II* ); *People v Houthoofd,* unpublished opinion per curiam of the Court of Appeals, issued February 18, 2014 (Docket No. 312977) (*Houthoofd III* ); *People v Houthoofd,* unpublished opinion per curiam of the Court of Appeals, issued May 14, 2015 (Docket No. 322592) (*Houthoofd IV*).

Most recently, in *Houthoofd IV*, we remanded for a third resentencing based on our determination that Saginaw Circuit Court Judge Darnell Jackson, the judge who conducted the second resentencing, lacked jurisdiction to resentence defendant because defendant had a timely application for leave to appeal pending before the Supreme Court in connection with our decision in *Houthoofd III*, and this pending application stayed remand proceedings and "divested the trial court of jurisdiction during the pendency of the appeal to the Supreme Court." *Houthoofd IV*, at slip op 3-4. Consequently, we determined that the second resentencing was void, and we remanded to the trial court for resentencing. *Id.*

The third resentencing for defendant's solicitation to commit murder conviction was held before Judge Jackson on March 16, 2016. Notably, in July of 2015, our Supreme Court decided *Lockridge*, 498 Mich at 391-392, which rendered the previously mandatory legislative sentencing guidelines "advisory only" and struck down the requirement that a trial court articulate substantial and compelling reason for a departure. On remand, the trial court followed *Lockridge*, meaning that the court treated the guidelines as advisory and articulated reasons for a sentencing departure based on "reasonableness." See *id.* Ultimately, the trial court again imposed a departure sentence, sentencing defendant to 360 to 600 months' imprisonment for solicitation to commit murder. The case is now before us again after this third resentencing.

## I. RETROACTIVE APPLICATION OF *LOCKRIDGE*

On appeal, relying on due process and prohibitions on ex post facto laws, defendant argues that *Lockridge* should not govern his resentencing for solicitation to commit murder. Specifically, defendant characterizes *Lockridge* as a decision detrimental to defendant, which effectively increased his punishment by abolishing the substantial and compelling requirements for a departure and replacing those standards with "much less stringent requirements" that allow for departures based on reasonableness. Because this change to the law came long after defendant solicited someone to commit murder, defendant contends that *Lockridge* cannot be applied retroactively to his case and that the trial court must articulate substantial and compelling reasons for a departure sentence. Defendant failed to raise this ex post facto claim below, meaning that it is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *People v Earl*, 297 Mich App 104, 111; 822 NW2d 271 (2012).

"The Ex Post Facto Clauses of the United States and Michigan Constitutions bar the retroactive application of a law" if, among other reasons, the law "increases the punishment for a crime." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014). "[T]he *Ex Post Facto* Clause does not apply directly to the judiciary," but "it is applicable by analogy through the Due Process Clauses of the Fifth Amendment." *People v Stevenson*, 416 Mich 383, 395; 331 NW2d 143 (1982). In other words, "[w]hen a retroactively applied judicial decision operates or acts as an ex post facto law, a violation of due process occurs." *People v Vansickle*, 303 Mich App 111, 119; 842 NW2d 289 (2013). We consider whether there has been an unforeseeable judicial interpretation that is detrimental to a defendant; that is, whether the law is altered in a manner that is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *People v Doyle*, 451 Mich 93, 100-101; 545 NW2d 627 (1996) (citations and quotation marks omitted). See also *United States v Lata*, 415 F3d 107, 110-111 (CA 1 2005).

At issue in this case is the Michigan Supreme Court's decision in *Lockridge*, 498 Mich at 364, wherein the Court held Michigan's sentencing guidelines were constitutionally deficient to the extent that "the guidelines *require* judicial fact-finding beyond the facts admitted by the defendant or found by the jury to score offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." To remedy this defect, consistent with the remedy imposed by the United State Supreme Court in *United States v Booker*, 543 US 220; 125 S Ct 738; 160 L Ed 2d 621 (2005), the *Lockridge* Court held that the sentencing guidelines were now "advisory only" and that courts are no longer required to articulate substantial and compelling reasons to depart from the sentencing guidelines range; rather, the sentence imposed must be shown to be reasonable. *Lockridge*, 498 Mich at 364-365; 391-392.

Defendant now contends that *Lockridge* reduced the standard required for a departure sentence, thereby effectively increasing his applicable sentence in violation of due process and prohibitions on ex post facto laws. This Court has previously rejected this argument and specifically concluded that *Lockridge* applies to cases, such as the present case, pending on direct review at the time *Lockridge* was decided. *People v Richards*, 315 Mich App 564, 587; 891 NW2d 911 (2016), application held in abeyance by __ Mich __; 889 NW2d 258 (2017). More fully, in *Richards*, we explained:

> "The *Ex Post Facto* Clause, by its own terms, does not apply to courts." *Rogers v Tennessee*, 532 US 451, 460; 121 S Ct 1693; 149 L Ed 2d 697 (2001). "[T]he Clause . . . is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Id*. at 456 (quotation marks and citation omitted). Defendant relies on cases that have found Ex Post Facto Clause violations when different versions of sentencing guidelines were applied. See, e.g., *Peugh v United States*, ___ US ___, ___; 133 S Ct 2072, 2082; 186 L Ed 2d 84 (2013) (explaining "that applying amended sentencing guidelines that increase a defendant's recommended sentence can violate the Ex Post Facto Clause"). However, these cases are distinguishable because an amended version of the sentencing guidelines was not applied to defendant's case. Defendant's case was pending on direct review when *Lockridge* was issued on July 29, 2015. Therefore, because defendant's case was pending on review, *Lockridge* applies retroactively. See *People v Lonsby,* 268 Mich App. 375, 389, 707 NW2d 610 (2005) ("[I]t is well-established that a new rule for the conduct of criminal prosecutions that is grounded in the United States Constitution applies retroactively to all cases, state or federal, pending on direct review or not yet final."). [*Richards*, 315 Mich App at 587-588.]

Notably, in rejecting this argument, we also cited to *United States v Barton*, 455 F3d 649, 657 (CA 6 2006), which joined "every other circuit in holding" that the retroactive application of "*Booker* does not violate ex post facto-type due process rights of defendants." *Richards*, 315 Mich App at 587-588. This citation to *Barton* was particularly apt because, as noted, the remedy crafted in *Lockridge* was based on *Booker*. See *Lockridge*, 498 Mich at 365, 391-392. If the remedial sentencing procedures in *Booker* apply retroactively without ex post facto implications, it stands to reason that *Lockridge* should also have retroactive effect. Indeed, considering *Barton* and other federal circuit court decisions, it is clear that *Booker* has been given retroactive effect for a variety of reasons that apply with equal force to *Lockridge*.

For instance, like *Booker*, *Lockridge* did not change the statutory maximums applicable to a given offense. See *Barton*, 455 F3d at 656 (compiling cases which determined *Booker* should apply retroactively because notice as to statutory maximums was sufficient to comport with due process). Pre- and post-*Lockridge*, a defendant had fair warning that his or her conduct was criminal, that upward departures could apply, and that he or she "faced the possibility of sentences anywhere within the applicable statutory range." *United States v Vaughn*, 430 F3d 518, 524 (CA 2 2005). See also *United States v Fairclough*, 439 F3d 76, 79 (CA 2 2006). In other words, a defendant sentenced within the statutory maximum post-*Lockridge* cannot reasonably claim unfair notice of the potential punishment. See *United States v Alston-Graves*, 435 F3d 331, 343; 369 US App DC 219, 231 (2006). Furthermore, as discussed by federal circuit courts in reference to *Booker*, *Lockridge* did not leave courts without a means for review or open the door to "extreme sentences." *Lata*, 415 F3d at 112. To the contrary, trial courts still must consider the sentencing guidelines, *Lockridge*, 498 Mich at 391; and, sentences are reviewed for reasonableness under the principle of proportionality, a standard which has a lengthy history in the jurisprudence of this state and which was incorporated into the legislative sentencing guidelines, *People v Steanhouse*, __ Mich __, __; __ NW2d __ (2017) (Docket No. 152671); slip op at 10-11. We are simply not persuaded by defendant's argument that *Lockridge* gave judges unprecedented discretion to impose departure sentences or that someone committing a crime pre-*Lockridge* could be reasonably surprised by a sentence imposed post-*Lockridge*. Cf. *Barton*, 455 F3d at 657 (CA 6 2006); *Lata*, 415 F3d at 112. In short, defendant's ex post facto and due process arguments are without merit. *Lockridge* applies retroactively to cases pending on direct appeal at the time *Lockridge* was decided, and thus the trial court properly applied *Lockridge* when resentencing defendant in March of 2016. See *Richards*, 315 Mich App at 587-588.[3]

## II. JUDICIAL FACT-FINDING

Next, defendant argues that any facts used to determine a departure sentence, except those facts admitted by defendant or those involving prior convictions, must be found by a jury beyond a reasonable doubt. In a misunderstanding of *Lockridge*, defendant asserts that judicial fact-finding cannot support the scoring of offense variables (OV) and that, by extension, judicial fact-finding cannot support an upward departure. This argument is without merit for two

---

[3] Defendant acknowledges our decision in *Richards*, but he contends that *Richards* does not control the present case because, in *Richards*, we determined that the defendant waived his ex post facto argument by agreeing to the applicability of *Lockridge* at sentencing. See *Richards*, 315 Mich App 586-587. Given that we deemed the issue waived in *Richards*, it could be concluded that our substantive discussion regarding the retroactivity of *Lockridge* constituted nonbinding dictum. See *People v Mahdi*, 317 Mich App 446, 466 n 5; 894 NW2d 732 (2016) ("Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, therefore, 'lack the force of an adjudication.'") (citation omitted). Even if this were the case, for the reasons discussed in this opinion, we believe *Richards* reached the right result, and we find it persuasive. Lastly, insofar as defendant argues that defense counsel provided ineffective assistance of counsel by failing to raise the ex post facto argument, this argument is without merit because counsel was not ineffective for failing to pursue a futile ex post facto argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

-4-

reasons. First, contrary to defendant's framing of the issue, *Lockridge* did not preclude judicial fact-finding at sentencing. See *Lockridge*, 498 Mich at 392 n 28.

> The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory,* not by eliminating judicial fact-finding. [*People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016).]

Second, a departure sentence is not mandatory, it is a matter of judicial discretion, *Lockridge*, 498 Mich at 395; and *Lockridge* does not stand for the proposition that "any fact that influences judicial discretion must be found by a jury." *People v Schrauben*, 314 Mich App 181, 195; 886 NW2d 173 (2016), quoting *Alleyne v United States*, ___ US ___; 133 S Ct 2151, 2163; 186 L Ed 2d 314 (2013). To the contrary, "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne*, 133 S Ct at 2163. Defendant's judicial fact-finding argument is meritless.

### III. APPELLATE REVIEW OF REASONABLENESS

Defendant also argues that, if *Lockridge* applies to his sentence for solicitation to commit murder, then the sentence imposed was unreasonable and disproportionate.[4] Given the confusion *Lockridge* has caused in this case, the trial court failed to make findings necessary to facilitate our appellate review, and we again find it necessary to remand for resentencing. Specifically, we remand with instructions that the trial court must score the offense variables as directed in *Lockridge*. Once the offense variables have been scored and the advisory guideline range determined, the trial court should proceed with resentencing.

Following *Lockridge*, "appellate review of the sentence imposed is for abuse of discretion, to determine whether the sentence violates the principle of proportionality." *People v Hyatt*, 316 Mich App 368, 423; 891 NW2d 549 (2016). In particular, when a trial court imposes a departure sentence, the sentence imposed must be reasonable. *Lockridge*, 498 Mich at 392. Reasonableness is judged under the principle-of-proportionality standard set forth in *Milbourn*,[5]

---

[4] In making this argument, defendant reiterates his assertion that the trial court could not engage in judicial fact-finding to justify a departure and that, because *Lockridge* does not apply, substantial and compelling reason for a departure was required. We have already rejected these arguments, and we will not repeat that analysis. In a related argument, defendant contends that the trial court improperly considered uncharged conduct. However, defendant does not challenge the accuracy of the facts underlying the uncharged acts on which the trial court relied; instead, defendant maintains that the acts are "unproven" and that proof beyond a reasonable doubt is required if this information is to be considered at sentencing. This is incorrect. The applicable standard at sentencing is a preponderance of the evidence. *People v Ratkov*, 201 Mich App 123, 126; 505 NW2d 886 (1993). Defendant has not shown any error in the trial court's consideration of uncharged conduct.

[5] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), disavowed in part by *Steanhouse*, slip op at 18.

which provides that a sentence must be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Steanhouse*, slip op at 15; *Milbourn*, 435 Mich at 636. Factors that may be considered include, but are not limited to: (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. *People v Lawhorn*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 330878); slip op at 5; *People v Shank*, 313 Mich App 221, 225; 881 NW2d 135 (2015).

Notably, even after *Lockridge*, when sentencing a defendant, courts must still score the offense variables. *Biddles*, 316 Mich App at 158. Indeed, *Lockridge* expressly mandates that "the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not." *Lockridge*, 498 Mich at 392 n 28. The guidelines "remain a highly relevant consideration in a trial court's exercise discretion." *Steanhouse*, slip op at 18 (citation omitted). "Sentencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence."[6] *Lockridge*, 498 Mich at 392. "Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review." *Id.*

In this case, it is clear from the lower court record that, at the resentencing, the trial court, the prosecutor, and defense counsel labored under the misapprehension that *Lockridge* precluded the trial court from making findings of fact necessary to the scoring of the offense variables. Consequently, the trial court did not score any OVs; and, at the time of resentencing, defendant had a total OV score of zero.[7] With a PRV score of 35, the resulting guideline range consulted by the trial court at resentencing was 51 to 85 months. The trial court departed upward and imposed a sentence of 360 to 600 months, i.e., 30 to 50 years' imprisonment.

We can offer no opinion on the reasonableness of this sentence at this time. Instead, we conclude that we have not been provided with adequate information to enable our review and that resentencing is required because the trial court failed to operate within the legal framework described in *Lockridge*. Specifically, the trial court operated within an incorrect framework by operating under the assumption that it could not score the OVs. In actuality, as noted, *Lockridge* provides that the OVs must be scored at the highest number of points possible and that this score may be based on judicial fact-finding. *Lockridge*, 498 Mich at 392 n 28. An abuse of discretion may occur when the trial court operates within an incorrect legal framework. *People v Hine*, 467 Mich 242, 250-251; 650 NW2d 659 (2002).

---

[6] Defendant asserts on appeal that the trial court violated the separation of powers doctrine by "disregard[ing] the legislative guidelines" at sentencing. Although defendant cites general caselaw regarding the separation of powers, he has not provided any clear argument or any authority in support of his contention that the failure to follow the legislative sentencing guidelines violates the doctrine. We consider the argument abandoned. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). In his standard 4 brief, defendant also argues that a departure from the advisory guideline range constitutes a cruel and unusual punishment that is unconstitutional and beyond the authority of the trial court to the extent of the "excess." This poorly developed argument is likewise abandoned. See *id.*

[7] In comparison, at the June 24, 2014 resentencing, the guidelines were calculated at 108 to 180 months with a prior record variable (PRV) score of 35 and an OV score of 50.

Further, on the facts of this case, failure to score the OVs prevents our appellate review of the reasonableness of the sentence imposed. For instance, when explaining the reasons for departure, the trial court indicated that it was relying on factors not reflected in the guidelines as scored, including defendant's efforts to subvert justice and avoid prosecution, such as making threats and attempting to have a witness killed to evade prosecution.[8] While it is entirely proper to consider matters inadequately accounted for by the guidelines, *Shank*, 313 Mich App at 225, we cannot reasonably review the trial court's determination that such facts are not accounted for in the guidelines—and we fail to see how the trial court could make such a determination—if the guidelines have not been scored. See *People v Young*, 276 Mich App 446, 451; 740 NW2d 347 (2007) ("[B]efore a trial court can determine whether that characteristic was given inadequate or disproportionate weight, the trial court must determine how that characteristic affected the defendant's minimum sentence range."). Moreover, the *extent* of a departure must also satisfy the principle of proportionality, *Lawhorn*, slip op at 5, and it is impossible to judge the reasonableness of the departure when we do not know the actual extent of the departure because the guidelines have not been calculated in the manner prescribed in *Lockridge*. In sum, the trial court and the parties operated within an incorrect legal framework at the third resentencing, and we cannot review the reasonableness of defendant's sentence based on the incomplete information provided. Consequently, we again vacate defendant's sentence and remand for resentencing.[9]

## V. JUDICIAL BIAS

Finally, defendant asserts that any further trial court action in this matter should be handled by a judge from outside of Saginaw County as assigned by the Supreme Court Administrator's Office. In a standard 4 brief, defendant also contends that Judge Jackson should have disqualified himself during the resentencing because of the bias he demonstrated in a previous civil case involving defendant. Additionally, defendant argues that Judge Jackson demonstrated bias against defendant during resentencing by imposing an excessive sentence when the record shows that defendant is actually innocent.

Insofar as defendant asserts bias based on Judge Jackson's involvement in a previous civil case, this argument is foreclosed by the law of the case doctrine. See *People v Mitchell*, 231 Mich App 335, 340; 586 NW2d 119 (1998). In particular, in *Houthoofd IV*, defendant raised the issue of Judge Jackson's disqualification due to bias as a result of presiding over defendant's civil action. We rejected this argument, *Houthoofd IV*, slip op at 4-5; and there has been no material change to the facts or law, which would warrant further consideration of this issue. See

---

[8] Previously, defendant had been assessed 15 points under OV 19, which is properly scored if the "offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice." See MCL 777.49(b).

[9] To be clear, while the trial court must score the offense variables, we are not ordering the trial court to adopt any particular scoring or to revert to the original scores. If appropriate, the trial court may score the OVs at zero. Moreover, our decision should not be read to in any way suggest that we think the sentence imposed was unreasonable or disproportionate. We simply need more information before we can undertake a review of the sentence's reasonableness.

*People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). Consequently, defendant may not again raise this issue on appeal.

We also conclude that there is no merit to defendant's claims that Judge Jackson demonstrated bias during the resentencing and that further proceedings should be conducted before a different judge. "[A] trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." *People v Wade*, 283 Mich App 462, 470; 771 NW2d 447 (2009). Defendant has not overcome this presumption. At the resentencing, Judge Jackson expressly stated that he did his "job everyday as objectively and impartially as possible," that he intended to make sure that defendant "gets all his rights protected," that he had no "ill feelings toward [defendant] whatsoever," and "no animosity toward him." Such comments certainly do not evince actual bias or prejudice against defendant. See MCR 2.003(C)(1)(a). Nor has defendant shown bias merely because he perceives Judge Jackson's sentencing decision as unfavorable. See *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011). More generally, nothing defendant has argued persuades us that Judge Jackson should have been disqualified under our court rules, MCR 2.003(C), or for the due process concerns enunciated in *Caperton v AT Massey Coal Co, Inc,* 556 US 868; 129 S Ct 2252; 173 LEd2d 1208 (2009). In short, we see no reason to remand for resentencing before a different judge.

Defendant's sentence is vacated and the case is remanded for resentencing. We retain jurisdiction.


/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

# Court of Appeals, State of Michigan

## ORDER

People v Tod Kevin Houthoofd

Docket No. 332323

LC No. 05-025865-FH

Joel P. Hoekstra
Presiding Judge

Patrick M. Meter

Kirsten Frank Kelly
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for resentencing consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall score the offense variables as instructed in *People v Lockridge*, 498 Mich 358, 392 n 28; 870 NW2d 502 (2015). Once the offense variables have been scored and the advisory minimum sentencing guideline range determined, the trial court shall proceed with resentencing. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand. The trial court shall cause a transcript of all proceedings on remand to be prepared and filed within 21 days after completion of the proceedings.

Defendant-appellant may file a supplemental brief, limited to the issues addressed on remand, within 21 days after entry of the trial court's order deciding the matter or 21 days after the transcript of the transcript of the hearing on remand is filed, whichever is later. Plaintiff-appellee may file a supplemental brief in response within 14 days of service of defendant-appellant's brief. Defendant-appellant may file a reply brief within 7 days after service of plaintiff-appellee's brief.

/s/ Joel P. Hoekstra

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 14, 2017
Date

Chief Clerk