**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Elizabeth A. Weaver

Justices
Michael F. Cavanagh
Marilyn Kelly
Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 12, 2000**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                    No. 116029

RAJAHAAN FARUQ CLARK,

    Defendant-Appellant.

_____

PER CURIAM

    The defendant was convicted of great number of weapon offenses, including two counts of felony-firearm. We affirm his convictions, but remand this case to the circuit court to correct the judgment of sentence with regard to the felony-firearm convictions.

I

    At about 3:45 a.m. on a morning in August 1995, the State Police stopped a van that was being driven erratically on a Lansing street. On the basis of what they learned after making the stop, the troopers searched the van. Inside, they found a supply of weapons.

    The defendant, a passenger in the van, was charged with

fifteen weapon-related offenses.[1]  Among those charges were

two counts of felony-firearm[2] and two counts of possessing a

bomb with unlawful intent.[3]  The information and amended

[1] The fifteen counts were: (1) possession of a bomb, with unlawful intent, MCL 750.210; MSA 28.407; (2) possession of a bomb, with unlawful intent; (3) felony-firearm, MCL 750.227b; MSA 28.424(2); (4) felony-firearm; (5) carrying a concealed weapon, MCL 750.227; MSA 28.424; (6) CCW; (7) CCW; (8) CCW; (9) possession of a shortbarreled shotgun, MCL 750.224b; MSA 28.421(2); (10) possession of a short-barreled shotgun; (11) possession of a "Ground Burst Simulator," MCL 750.210; MSA 28.407; (12) possession of a "hand grenade simulator;" (13) placement a pipe bomb near a building, MCL 750.208; MSA 28.405; (14) conspiracy to commit first-degree murder, MCL 750.157a, 750.316; MSA 28.354(1), 28.548; (15) felon in possession of a firearm, MCL 750.224f; MSA 28.421(6).  In addition, the prosecutor gave notice that the defendant was subject to an enhanced sentence as an habitual (second) offender, MCL 769.10; MSA 28.1082.

[2] In pertinent part, the statute provides:

(1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. . . .

(2) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.  [MCL 750.227b; MSA 28.424(2).]

In *Wayne Co Prosecutor v Recorder's Court Judge*, 406 Mich 374, 389-391; 280 NW2d 793 (1979), we explained that felony-firearm is a separate felony offense, not a sentence enhancement measure.

[3] In 1995, the statute read:

Any person who carries or possesses a bomb or bombshell or any article containing an explosive or combustible substance or foul, offensive or injurious substance or compound, with intent to use

information further alleged that the felony-firearm offenses occurred in connection with the bomb possession.[4]

Near the conclusion of the trial, the jury was instructed in this fashion:

> [T]he defendant is charged with the crime of possessing a firearm at the time he committed the crime of possession of a bomb with unlawful intent. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt.
>
> First, that the defendant committed the crime of possession of a bomb with unlawful intent, which has been defined for you. It is not necessary, however, that the defendant be convicted of that crime.
>
> Second, that at the time the defendant committed that crime, he knowingly carried or possessed a firearm. It does not matter whether or not the gun was loaded.

At the conclusion of its deliberations, the jury found the defendant guilty of all the charged offenses,[5] including

---

> the same unlawfully against the person or property of other [sic], shall be guilty of a felony, punishable by imprisonment in the state prison for not less than two nor more than five years. [MCL 750.210; 28.407, as enacted in 1927 PA 119.]

The statute was substantially revised by 1998 PA 208.

[4] The information and amended information alleged that the defendant

> did carry or have in his/her possession a firearm, to-wit: a handgun, at the time he/she committed or attempted to commit a felony, to-wit: Possession of a Bomb with Unlawful Intent; contrary to MCL 750.227b; MSA 28.424(2).

[5] Actually, the jury returned guilty verdicts on fourteen of the fifteen counts. The fifteenth count——felon in possession——had been separated to avoid prejudice to the defendant. After the jury returned its verdict, the defendant pleaded guilty of that charge.

3

the two counts of felony-firearm and the two counts of possessing a bomb with unlawful intent.

The circuit court imposed enhanced sentences on the defendant, who was an habitual offender. For each count of possessing a bomb with unlawful intent, the court sentenced the defendant to serve four to seven and a half years in prison. Various sentences were imposed for the other offenses, the longest minimum sentences being eight years for placing a pipe bomb near a building and for conspiracy to commit murder. The court directed that the defendant serve two years for each count of felony-firearm.

The court's written judgment listed the sentences imposed for each of the fifteen counts. It further provided that the felony-firearm sentences were to be consecutive to all thirteen of the other charges.[6]

The defendant appealed, but the Court of Appeals affirmed his convictions.[7] He now has applied to this Court for leave to appeal.

II

The defendant raises several issues, but we will address only one. He says that his two felony-firearm sentences

---

[6] The two felony-firearm sentences were themselves concurrent. *People v Sawyer*, 410 Mich 531, 534-535; 302 NW2d 534 (1981).

[7] The Court of Appeals remanded the case to the circuit court "for the ministerial act of issuing an amended judgment of sentence that makes the felony-firearm sentences consecutive to all of the felony sentences except the four CCW sentences." Unpublished opinion per curiam, issued November 5, 1999, reh den December 17, 1999 (Docket No. 198394).

should be consecutive only to the two convictions for possessing a bomb with unlawful intent, not to the remaining convictions.[8]  We agree, and remand this case for correction of the judgment of sentence.

From the plain language of the felony-firearm statute,[9] it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony.[10]  Subsection 2 clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*."  It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm.  No language

---

[8] As indicated, the Court of Appeals agreed with him in part, noting that the felony-firearm statute specifically says that one cannot commit the offense of felony-firearm by possessing a firearm while committing CCW.

[9] The proper interpretation of a statutory provision is a question of law that we decide de novo. *In re Investigation of March 1999 Riots in East Lansing*, 463 Mich 378, 383; 617 NW2d 310 (2000); *People v Burgenmeyer*, 461 Mich 431, 436, n 10; 606 NW2d 645 (2000); *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999).

[10] In *People v Lewis*, 415 Mich 443, 453; 330 NW2d 16 (1982), we stated:

> Although the Legislature no doubt contemplated that a person convicted of felony-firearm would also have been convicted of an underlying felony, it made commission or the attempt to commit a felony and not conviction of a felony an element of felony-firearm.

Obviously, a felony-firearm sentence is consecutive only when the defendant is also *convicted* of the underlying felony.

5

in the statute permits consecutive sentencing with convictions other than the predicate offense.

In this instance, the jury found that the defendant possessed a firearm while he possessed two bombs with unlawful intent. While it might appear obvious that the defendant also possessed a firearm while committing the other crimes of which he was convicted, neither a trial court nor an appellate court can supply its own findings with regard to the factual elements that have not been found by a jury.[11]

Neither the Court of Appeals nor the prosecution has offered a textual analysis to support its view. To the contrary, they identify a supposed statutory purpose that compels a favored result independent of any textual analysis. As we explained in *People v McIntire*, 461 Mich 147, 155-156; 599 NW2d 102 (1999), however, the clear language of the statute is to be applied as written.[12]

For these reasons, we affirm the defendant's convictions, but we modify the judgment of the Court of Appeals. We remand this case to the circuit court for correction of the judgment

---

[11] At the discretion of the prosecuting attorney, the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts.

[12] In the past, we have reached similar results by order. *People v Carlson*, 440 Mich 895; 488 NW2d 783 (1992); *People v Johns*, 434 Mich 880; 452 NW2d 207 (1990); *People v Wooden*, 422 Mich 863; 365 NW2d 764 (1985); *People v Embry*, 417 Mich 982 (1983); *People v Littke*, 417 Mich 981 (1983).

of sentence.[13]  Each felony-firearm sentence is consecutive only to the corresponding conviction for possession of a bomb with unlawful intent.[14]  MCR 7.302(F)(1).

WEAVER, C.J., and KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J., concurred in the result only.

---

[13] As to all other issues raised by defendant in his application for leave to appeal, we deny leave because we are not persuaded that the questions presented should be reviewed by this Court.

[14] Since the defendant began serving many of his concurrent sentences upon imprisonment, it may also be necessary for the circuit court on remand to adjust the jail credit.

*Jennifer Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecuting Attorney, and *William M. Worden*, Assistant Prosecuting Attorney [1045 Independence Blvd., Charlotte, MI 48813] [(517) 543-7500, ext. 265], for the people.

State Appellate Defender (by *Gary L Rogers*) [3300 Penobscot Building, 645 Griswold, Detroit, MI 48226] [(313) 256-9833] for defendant-appellant.