# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AARON LORENZO WASHINGTON,

       Defendant-Appellant.

UNPUBLISHED
February 24, 2015

No. 318941
Washtenaw Circuit Court
LC No. 13-000237-FH

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, resisting and obstructing a police officer, MCL 750.81d(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to 2 to 5 years for carrying a concealed weapon, 2 to 5 years for felon in possession, 16 to 24 months for resisting and obstructing, and 2 years for felony-firearm. We affirm defendant's convictions but remand for the entry of an amended judgment of sentence.

## I. SENTENCING

### A. STANDARD OF REVIEW

"Whether the trial court properly sentenced a defendant to consecutive sentences is a question of statutory interpretation that is reviewed de novo." *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). See also *People v Clark*, 463 Mich 459, 463 n 9; 619 NW2d 538 (2000).

### B. ANALYSIS

Defendant first contends that his sentence for carrying a concealed weapon must run concurrently, rather than consecutively, to his sentence for felony-firearm. The trial court already resolved this issue in defendant's favor. Therefore, it is moot. *People v Richmond*, 486 Mich 29, 37; 782 NW2d 187 (2010).

Defendant also contends that the trial court failed to make a determination whether his felony-firearm conviction ran consecutively to being a felon in possession or to his resisting and

-1-

obstructing conviction. To support his argument, defendant relies on *People v Clark*, 463 Mich 459; 619 NW2d 538 (2000). In *Clark*, the Michigan Supreme Court held that the felony-firearm convictions in that case ran consecutively only to the underlying bomb offenses, not to all other felonies for which the defendant was convicted. *Id.* at 463-464. The Court explained that "[w]hile it might appear obvious that the defendant also possessed a firearm while committing the other crimes of which he was convicted, neither a trial court nor an appellate court can supply its own findings with regard to the factual elements that have not been found by a jury." *Id.* at 464. The Court noted that "the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts." *Id.* at n 11.

Unlike *Clark*, 463 Mich at 463-464, in which the two felony-firearm charges were tied to a particular underlying felony, the sole felony-firearm charge in this case was linked to *both* underlying felonies. Specifically, the felony information listed both felon in possession and resisting and obstructing as predicate felonies for felony-firearm. The trial court also instructed the jury that either felony, or both, could be a predicate to felony-firearm. The Supreme Court in *Clark*, 463 Mich at 464 n 11, specifically approved of linking a single felony-firearm charge to multiple felonies. Because both charges were listed as underlying felonies in the information, defendant is not entitled to resentencing.

However, after defendant's motion to amend the judgment of sentence, the trial court entered a written order altering the original judgment of sentence. It does not appear that the trial court entered an amended judgment of sentence consistent with its order on defendant's post-trial motion. Thus, we remand for the ministerial task of entering an amended judgment of sentence consistent with the trial court's previous ruling.[1]

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Lastly, defendant contends that there was insufficient evidence that he possessed a firearm, which is an element of his convictions for carrying a concealed weapon, felon in possession, and felony-firearm.

We review *de novo* a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of

---

[1] At the motion hearing, the trial court ordered concurrent sentences for felon in possession and resisting and obstructing. However, in its written ruling, the court ordered them to be consecutive sentences. If the trial court intends to make the felon in possession sentence and resisting and obstructing sentence consecutive to each other, the trial court should consider MCL 771.14(2)(e)(*i*)-(*iii*) (a presentence investigation report shall include the calculation for each consecutive sentence), and MCL 777.21(2) (regarding the scoring of multiple offenses).

fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citations omitted). We resolve conflicts of the evidence in favor of the prosecution, "and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

## B. ANALYSIS

Defendant challenges the possessory element of his offenses, asserting that there was insufficient evidence that he possessed a weapon. Viewed in the light most favorable to the prosecution, we find there was sufficient evidence that defendant possessed the gun.

An Ypsilanti police officer was on patrol when he noticed a car parked in a driveway of a house that was known for continued disturbances, fights, and arrests. The officer saw a white female waiting in the car, and based on his experience, he suspected that a possible drug buy was occurring. The officer decided to conduct surveillance on the vehicle. He saw defendant come out of the house and get into the car as a passenger. He watched as the car's driver committed a number of driving violations, including failing to stop leaving a private drive and running a stop sign. Moreover, when defendant passed by the officer's vehicle, he leaned back in the passenger seat. The police officer activated his emergency lights, but the car continued to drive. The police officer activated his siren, but the driver continued to disregard the officer.

The driver finally pulled over. When the officer exited his patrol car, defendant almost immediately opened the car door and fled. The officer testified that he saw defendant holding the left portion of his coat, which the officer found to be suspicious. The officer gave chase. Just as defendant was running toward a wooden fence, he threw a black object out of his right hand, and then hopped the fence. The officer eventually caught up with defendant and arrested him. He then went back with his certified evidence recovery dog to the area where he had seen defendant throw the object. He discovered a handgun with fresh dirt and grass on it.

On appeal, defendant highlights the video recording from the officer's vehicle. He claims that the video is inconsistent with the officer's testimony, as nowhere on this video can it be seen that defendant was holding the left side of his coat, and that the officer's timeline about when he searched for the gun was off. While defendant suggests that the officer could not have seen him hold the side of his coat, the video shows defendant fleeing and almost immediately disappearing from the camera's range. It does not contradict the officer's testimony about what he observed. While defendant also claims that the officer never informed his fellow officers that defendant had thrown something, and that the officer's testimony regarding the length of time passing was mistaken, the significance of these facts is minimal. Clearly, the officer believed defendant had thrown something because he retrieved his certified dog and began searching the disputed area. Moreover, the key event—defendant tossing the gun—was out of the camera's

range.[2]  Thus, there was nothing on the video to conflict with the officer's testimony on this point.

The video did not conflict with the officer's testimony in any meaningful way. Furthermore, defendant brought alleged inconsistencies to the jury's attention during closing argument.  The jury judged the credibility of the officer's testimony, and found that defendant was guilty of the charged crimes.  Viewed in the light most favorable to the prosecution, we find sufficient evidence that defendant possessed a firearm.

### III.  CONCLUSION

We find no error based on *Clark* that warrants reversal.  We also find there was sufficient evidence to support that defendant possessed the weapon.  We affirm defendant's convictions, but remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra

---

[2] Nor was there video footage of all of the traffic violations, as the video began when the driver finally pulled the car over to the side of the road.