*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEREK JAMES SMITH,

Defendant-Appellant.

UNPUBLISHED
November 19, 2019

No. 340991
Wayne Circuit Court
LC No. 15-001476-01-FC

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant, Derek Smith, appeals as on leave granted[1] his jury trial convictions of two counts of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, three counts of assault with a dangerous weapon (felonious assault), MCL 750.82, one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and two counts of assault and battery, MCL 750.81. For the reasons stated in this opinion, we affirm, but remand to the trial court to determine which felony was the predicate offense for the felony-firearm conviction and to amend the judgment of sentence so that Smith's sentence for felony-firearm is consecutive to the sentence for the predicate offense only, but concurrent to the sentences for the remaining felonies.

## I. BASIC FACTS

Smith's convictions arise from his decision to push a property manager, punch a repairman, and then shoot at the property manager and two repairmen as they left the area in separate vehicles. The trial court originally sentenced Smith to 71 months to 10 years for his AWIGBH convictions, one to four years for his felonious assault convictions, two years for his felony-firearm conviction, one to five years for his felon-in-possession conviction, and 93 days

---

[1] *People v Smith*, 503 Mich 884 (2018).

in jail for his assault and battery convictions. The trial court ordered that Smith's felony-firearm sentence be served consecutively to his other sentences, which are all to be served concurrently to each other. On July 22, 2015, Smith appealed as of right his convictions and sentences; this Court affirmed his convictions, but remanded for resentencing.[2] Subsequently, Smith was resentenced to 3 to 10 years for his AWIGBH convictions, one to four years for his felonious assault convictions, two years for his felony-firearm conviction, one to five years for his felon-in-possession conviction, and 93 days in jail for his assault and battery convictions. In addition, the trial court ordered that Smith's felony-firearm sentence be served concurrently to the assault and battery sentences but consecutively to his other sentences, which are all to be served concurrently to each other.

## II. CONSECUTIVE SENTENCING

### A. STANDARD OF REVIEW

Smith argues that because the AWIGBH charges as stated in the felony information did not include the possession of a gun, his felony-firearm sentence cannot be consecutive to his AWIGBH sentence. "Sentencing issues are reviewed by this Court for an abuse of discretion by the trial court." *People v Sabin (On Second Remand)*, 242 Mich App 656, 660; 620 NW2d 19 (2000). "Whether a consecutive sentence may be imposed is a question of statutory interpretation that is reviewed de novo." *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003).

### B. ANALYSIS

The felony-firearm statute, MCL 750.227b, provides for consecutive sentencing:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony and shall be punished by imprisonment for 2 years. . . .
>
> * * *
>
> (3) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

In *People v Clark,* 463 Mich 459, 463-464; 619 NW2d 538 (2000), our Supreme Court explained:

---

[2] *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued November 22, 2016 (Docket No. 328477), pp 3-4.

From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection [3] clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*." It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm. No language in the statute permits consecutive sentencing with convictions other than the predicate offense. [Citations omitted.]

In dicta, the *Clark* Court added that "[a]t the discretion of the prosecuting attorney, the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts." *Id*. at 464 n 11. The *Clark* Court did not, however, state that "*all* of the listed felonies could have run consecutive. *People v Coleman,* ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket Nos. 339482 and 340368); slip op at 6. In *Coleman*, this Court affirmed a trial court's decision to make the defendant's two-year sentence for felony-firearm consecutive only to his sentence for felon-in-possession rather than consecutive to all his sentences. *Id*. at ___; slip op at 1, 6. The *Coleman* Court explained:

> The statute at issue here refers to a singular predicate felony for a felony-firearm conviction. MCL 750.227b(3) provides that a felony-firearm sentence shall be served consecutive with the sentence imposed for "the [underlying] felony or attempt to commit the felony." (Emphasis added.) " '[T]he' is a definite article." When followed by a singular noun, "the" contemplates one subject. . . . A felony-firearm sentence must therefore be served consecutive with the sentence for the one predicate felony. [*Id*. at ___; slip op at 5 (citations omitted).]

Applying *Coleman* to this case, it is apparent that the trial court erred by making Smith's felony-firearm sentence consecutive to all his other sentences (excluding assault and battery). Here, regarding the felony-firearm charge, the information stated: Smith "did carry or have in his/her possession a firearm, to-wit: GUN, at the time he/she committed or attempted to commit a felony to-wit: [AWIM] OR [AWIGBH] OR FELONIOUS ASSAULT OR FELON[-]IN[-]POSSESSION; contrary to MCL 750.227b." The jury convicted Smith of the predicate offenses of AWIGBH, felonious assault, and felon-in-possession, but he was only convicted of one count of felony-firearm. Based on the record, it is unclear as to which underlying felony the felony-firearm sentence was linked. However, unlike the convictions of felonious assault and felon-in-possession, the jury was not required to find that Smith possessed or used a firearm to commit AWIGBH. Accordingly, it is plain that AWIGBH cannot be the underlying predicate offense. Therefore, we remand to the trial court so it may determine which felony—felonious assault or felon-in-possession—was the predicate offense for the felony-firearm conviction and to amend the judgment of sentence so that Smith's sentence for felony-firearm is consecutive to the sentence for the predicate offense only, and concurrent to the remaining felonies.

Affirmed but remanded for amendment of the judgment of sentence. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle