# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v SMITH

Docket No. 160995. Decided July 21, 2020.

Derek J. Smith was convicted by a jury in the Wayne Circuit Court of two counts of assault with intent to do great bodily harm (AWIGBH), MCL 750.84; three counts of assault with a dangerous weapon (felonious assault), MCL 750.82; one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; one count of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of misdemeanor assault and battery, MCL 750.81. Smith was sentenced by the trial court to 71 months to 10 years in prison for AWIGBH, 1 to 4 years for felonious assault, 1 to 5 years for felon-in-possession, and 93 days for assault and battery, to be served concurrently. The court also sentenced Smith to two years in prison for felony-firearm, to be served consecutively with and preceding the other felony sentences. On appeal, the Court of Appeals affirmed Smith's convictions but determined that two offense variables had been incorrectly scored, and remanded for resentencing. On remand, the trial court, Kevin J. Cox, J., resentenced Smith to serve 3 to 10 years in prison for AWIGBH, but left the other sentences unchanged. Smith filed an application for leave to appeal in the Court of Appeals, arguing that the trial court erred when it imposed the felony-firearm sentence consecutively with the AWIGBH sentences because the jury had not explicitly found that he possessed a firearm during the commission of the AWIGBH offenses. The Court of Appeals denied Smith's application, and Smith sought leave to appeal in the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 503 Mich 884 (2018). On remand, the Court of Appeals, M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ., held in an unpublished per curiam opinion that the felony-firearm sentence could not be imposed consecutively with the AWIGBH sentences because the jury was not required to find that Smith possessed or used a firearm to commit AWIGBH, unlike the convictions for felonious assault and felon-in-possession. The Court of Appeals remanded the case to the trial court for it to determine whether felonious assault or felon-in-possession was the predicate felony for the felony-firearm conviction and to amend Smith's judgment of sentence so that the felony-firearm sentence was consecutive only with the predicate offense. The prosecutor sought leave to appeal in the Supreme Court.

In a unanimous memorandum opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

1.  The felony-firearm sentence cannot be consecutive with the two AWIGBH sentences because although AWIGBH was listed in the information as a predicate felony for felony-firearm, the jury did not explicitly find that Smith possessed a firearm when the AWIGBH offenses were committed.

2.  The felony-firearm sentence may be imposed consecutively with only one other felony sentence.  The jury necessarily found that Smith possessed a firearm during the commission of the three counts of felonious assault and the one count of felon-in-possession.  Therefore, the Court of Appeals appropriately remanded the case to the trial court to impose the two-year felony-firearm sentence to run consecutively with a single felony sentence.

Affirmed.

©2020 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED July 21, 2020

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                                No. 160995

DEREK JAMES SMITH,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION

A jury found defendant guilty of two counts of assault with intent to do great bodily harm (AWIGBH), MCL 750.84; three counts of assault with a dangerous weapon (felonious assault), MCL 750.82; one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; one count of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of

misdemeanor assault and battery, MCL 750.81.[1]  The trial court sentenced him to concurrent prison terms of 71 months to 10 years for the AWIGBH convictions, 1 to 4 years for the felonious-assault convictions, 1 to 5 years for the felon-in-possession conviction, and 93 days in jail for the assault-and-battery convictions.  In addition, the trial court sentenced him to two years in prison for the felony-firearm conviction, to be served consecutively with and preceding the remaining felony sentences.

Defendant appealed in the Court of Appeals, which affirmed his convictions but remanded to the trial court for resentencing on the basis that two offense variables had been incorrectly scored.  *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued November 22, 2016 (Docket No. 328477).  On remand, the trial court resentenced defendant to 3 to 10 years in prison for the AWIGBH convictions and maintained the original sentences for the remaining convictions.  The felony-firearm sentence was again imposed to run consecutively with the remaining felony sentences.  The trial court denied defendant's motion to correct an invalid sentence or for a new trial.

Defendant next filed an application for leave to appeal in the Court of Appeals arguing that the trial court erred by having imposed the felony-firearm sentence to run consecutively with the AWIGBH sentences when the jury had not explicitly found that he possessed a firearm during the commission of the AWIGBH offenses.  The Court of Appeals denied his application "for lack of merit in the grounds presented."  *People v Smith*, unpublished order of the Court of Appeals, entered April 17, 2018 (Docket No.

---

[1] The jury acquitted defendant of three counts of assault with intent to commit murder, MCL 750.83, finding him guilty of the lesser offense of AWIGBH on two counts and not guilty on the third count.

2

340991).  Defendant then sought leave to appeal in this Court and, in lieu of granting leave to appeal, we remanded to the Court of Appeals for consideration as on leave granted. *People v Smith*, 503 Mich 884 (2018).  On remand, the Court of Appeals agreed with defendant that the felony-firearm sentence could not be imposed to run consecutively with the AWIGBH sentences and accordingly remanded to the trial court for resentencing. *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2019 (Docket No. 340991).  The Court explained that "unlike the convictions of felonious assault and felon-in-possession, the jury was not required to find that Smith possessed or used a firearm to commit AWIGBH."  *Id*. at 3.  Therefore, the Court "remand[ed] to the trial court so it may determine which felony—felonious assault or felon-in-possession—was the predicate offense for the felony-firearm conviction and to amend the judgment of sentence so that Smith's sentence for felony-firearm is consecutive to the sentence for the predicate offense only . . . ."  *Id*.  The Court denied the prosecutor's motion for reconsideration and defendant's motion for immediate effect.  *People v Smith*, unpublished order of the Court of Appeals, entered December 27, 2019 (Docket No. 340991).  The prosecutor now seeks leave to appeal in this Court, arguing that the felony-firearm sentence should be consecutive with one of the AWIGBH sentences and that the Court of Appeals erred by ruling to the contrary.

At the time relevant to this case,[2] the statute governing felony-firearm, MCL 750.227b, provided in relevant part as follows:

---

[2] Effective July 1, 2015, MCL 750.227b was amended by the Legislature.  See 2015 PA 26.  Those amendments do not affect our analysis, but we apply the version of the statute in effect when defendant committed the instant offenses in February 2015.  See MCL 750.227b, as enacted by 1990 PA 321.

(1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony, and shall be imprisoned for two years. . . .

(2) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

In *People v Clark*, 463 Mich 459, 460-461; 619 NW2d 538 (2000), the defendant was charged with 15 weapon-related offenses, including two counts of felony-firearm and two counts of possession of a bomb with unlawful intent, MCL 750.210. The information alleged that each possession-of-a-bomb-with-unlawful-intent felony constituted the predicate felony for purposes of the corresponding felony-firearm count. *Id*. at 461. The jury found the defendant guilty as charged, and the trial court provided in its sentence that the two felony-firearm sentences would be, as *Clark* stated, "consecutive to[3] all thirteen of the other [sentences]." *Id*. at 462. We remanded to the trial court for resentencing, agreeing with the defendant that his two felony-firearm sentences should be consecutive only with the two sentences for possession of a bomb with unlawful intent:

From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection 2 clearly states that the felony-firearm sentence "shall be served consecutively with and

---

[3] Referring to a felony-firearm sentence as "consecutive to" another felony sentence is imprecise because it suggests that the felony-firearm sentence is served *after* the sentence for the predicate felony. In fact, the felony-firearm sentence is served *before* the sentence for the predicate felony. MCL 750.227b(3) currently provides, and MCL 750.227b(2) previously provided, that "[a] term of imprisonment prescribed by this section . . . shall be served *consecutively with and preceding* any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony." (Emphasis added.) See MCL 750.227b, as enacted by 1990 PA 321.

4

preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*." It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm. No language in the statute permits consecutive sentencing with convictions other than the predicate offense.

In this instance, the jury found that the defendant possessed a firearm while he possessed two bombs with unlawful intent. While it might appear obvious that the defendant also possessed a firearm while committing the other crimes of which he was convicted, neither a trial court nor an appellate court can supply its own findings with regard to the factual elements that have not been found by a jury. [*Id*. at 463-464.][4]

In a footnote to the final quoted sentence above, we further observed in dictum:

At the discretion of the prosecuting attorney, the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts. [*Id*. at 464 n 11.]

In the instant case, we agree with the Court of Appeals that the felony-firearm sentence cannot be consecutive with the two AWIGBH sentences because, although AWIGBH was listed in the information as a predicate felony for felony-firearm, the jury did not explicitly find that defendant possessed a firearm during the commission of the AWIGBH offenses. And because the jury did not explicitly make such a finding, "neither a trial court nor an appellate court can supply its own findings." *Id*. at 464. Furthermore, we agree with the Court of Appeals that the felony-firearm sentence here may be imposed consecutively with only *one* other felony sentence. *People v Coleman*, 327 Mich App 430, 441; 937 NW2d 372 (2019) ("A felony-firearm sentence must . . . be served consecutively with the sentence for the one predicate felony."). Because the jury necessarily found that defendant

---

[4] *Clark* applied the same version of MCL 750.227b that we apply today. See *Clark*, 463 Mich at 460 n 2.

5

possessed a firearm when committing multiple felonies, the three counts of felonious assault and the one count of felon-in-possession, the Court of Appeals employed the appropriate remedy by remanding the case to the trial court and ordering that the judgment of sentence be amended to indicate that the two-year sentence for felony-firearm is to be served consecutively with only a single felony sentence.[5]

Finally, we take this opportunity to clarify the import of footnote 11 in *Clark*. It is undoubtedly true that the complaint and the information may list multiple and alternate felonies as the predicate felony for a single felony-firearm count when the underlying facts of the case support such a charging decision.[6] However, in cases such as the instant case in which the prosecutor does so and the jury does not explicitly find that the defendant committed a particular predicate felony with a firearm, the felony-firearm sentence cannot be consecutive with that predicate felony sentence. Instead, in such cases, the prosecutor might be better advised to file multiple felony-firearm counts, each of which is predicated

---

[5] We note that the Court of Appeals was perhaps imprecise in remanding to the trial court "so it may determine which felony—felonious assault or felon-in-possession—was the predicate offense for the felony-firearm conviction . . . ." *Smith*, unpub op at 3. This language could imply that the trial court possesses *two* alternatives for imposing a consecutive sentence, either felonious assault or felon-in-possession. However, given that the felony-firearm sentence may only be imposed consecutively with one predicate felony, the trial court actually possesses *four* alternatives for imposing a consecutive sentence, the three felonious-assault sentences and the one felon-in-possession sentence.

[6] But we further agree with *Coleman* that footnote 11 merely "instructs that had the prosecution listed multiple predicate felonies in the felony information, there might have been options as to which felony would ultimately run consecutive to the felony-firearm sentence." *Coleman*, 327 Mich App at 442.

6

upon a particular and unique felony.[7] In any event, we reiterate that when the finder of fact does not explicitly find that the defendant committed a particular predicate felony with a firearm, the felony-firearm sentence cannot be consecutive with the sentence for that predicate felony. Accordingly, we affirm the judgment of the Court of Appeals.

> Bridget M. McCormack
> Stephen J. Markman
> Brian K. Zahra
> David F. Viviano
> Richard H. Bernstein
> Elizabeth T. Clement
> Megan K. Cavanagh

---

[7] We note that the prosecutor represented at oral argument in the Court of Appeals that the Wayne County Prosecutor's Office, following *Coleman*, "has begun to list . . . one felony-firearm count per underlying predicate felony."

7