*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

D'SEAN HATTEN,

        Defendant-Appellant.

UNPUBLISHED
December 04, 2024
9:36 AM

No. 364970
Wayne Circuit Court
LC No. 13-005046-01-FC

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the trial court's order denying his motion for relief from judgment. In 2013, a jury found defendant guilty of five counts of assault with intent to commit murder (AWIM), MCL 750.83; five counts of assault with a dangerous weapon (felonious assault), MCL 750.82; one count of domestic violence, MCL 750.81(2); and one count of possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to serve 280 to 560 months' imprisonment for each count of AWIM, 1 to 2 years' imprisonment for each count of felonious assault, 93 days' imprisonment for domestic violence, and two years' imprisonment for felony-firearm.[2] Defendant's sentence for felony firearm was to be served consecutive to each of the other 11 sentences. We reverse.

## I. BACKGROUND

The facts pertinent to this appeal are undisputed, and this case only presents a question of law; the facts underlying defendant's conviction are irrelevant to this appeal. In 2013, defendant was found guilty of and sentenced for the crimes described above. Defendant's single conviction for felony-firearm was to be served consecutive to *each* of his other sentences, rather than being attached to a single underlying felony. In 2020, the Supreme Court released *People v Smith*, 506

---

[1] *People v Hatten*, 513 Mich 997 (2024).

[2] Defendant's conviction was affirmed in a prior appeal. *People v Hatten*, unpublished per curiam opinion of the Court of Appeals, issued March 5, 2015 (Docket No. 319417).

Mich 1; 954 NW2d 78 (2020), which offered guidance on how to craft a sentence when a single count of felony-firearm had multiple options for the underlying felony. On March 23, 2022, defendant filed a motion for relief from judgment, in which he argued that the trial court erred by "ordering that the two year felony firearm sentence be served consecutive to all of the other sentences."[3] Except with respect to the misdemeanor domestic violence conviction, the court denied defendant's motion for the following reasons:

> The People agree with defendant as it relates to the felony firearm conviction and the [misdemeanor] domestic violence conviction alone. However, the People disagree that the same holds true of defendant's other convictions and assert that the second amended information lists AWIM and felonious assault as the predicate felonies to felony firearm. Upon review, this is indeed correct.

> Accordingly, the Court agrees that defendant is entitled to a corrected judgment of sentence as it relates to the domestic violence sentence. However, defendant is not entitled to resentencing on the AWIM or felonious assault sentences because those counts served as the predicate felonies to felony firearm according to the second amended information.

Defendant filed a delayed application for leave to appeal in this Court, which was denied. *People v Hatten*, unpublished order of the Court of Appeals, entered June 30, 2023 (Docket No. 364970). Defendant then sought leave to appeal in the Supreme Court, which remanded the case back to us to "address whether the defendant's felony-firearm sentence was improperly ordered to be served consecutive to all of his other felony conviction sentences." *People v Hatten*, 513 Mich 997 (2024).

## II. DISCUSSION

Defendant argues that the sentencing court erred by ordering him to serve his sentence for felony-firearm consecutive to each of his felony convictions instead of a single predicate felony. We agree.

A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes and error of law." *Id*. at 628-629 (citations omitted). The interpretation of court rules is reviewed de novo. *Id*. at 629.

### A. *SMITH* AND *CLARK*

The present case involves application of the felony-firearm statute. Felony-firearm is governed by MCL 750.227b, which provides in relevant part:

---

[3] Defendant also raised guidelines challenges that are not at issue in this appeal.

(1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony and shall be punished by imprisonment for 2 years. . . .

\* \* \*

(3) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

In *People v Clark*, 463 Mich 459, 462; 619 NW2d 538 (2000), the defendant was found guilty of fifteen charges, "including the two counts of felony-firearm and the two counts of possessing a bomb with unlawful intent." The defendant's judgment of sentence "provided that the felony-firearm sentences were to be consecutive to *all thirteen* of the other charges." *Id*. (emphasis added). The Supreme Court agreed with the defendant's argument that the felony-firearm sentences should only have been consecutive to the convictions for possessing a bomb with unlawful intent, explaining:

From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection [3[4]] clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the *felony* or attempt to commit the *felony*." It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm. No language in the statute permits consecutive sentencing with convictions other than the predicate offense.

In this instance, the jury found that the defendant possessed a firearm while he possessed two bombs with unlawful intent. While it might appear obvious that the defendant also possessed a firearm while committing the other crimes of which he was convicted, neither a trial court nor an appellate court can supply its own findings with regard to the factual elements that have not been found by a jury. [*Id*. at 463-464 (footnotes omitted).]

In a footnote, the Supreme Court offered dictum which subsequently caused confusion: "At the discretion of the prosecuting attorney, the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts." *Id*. at 464 n 11.

The footnote in *Clark* was clarified 20 years later when the Supreme Court decided *People v Smith*. The defendant in *Smith* was convicted of two counts of assault with intent to do great

---

[4] At the time *Clark* was decided, the relevant language was in Subsection 2.

bodily harm (AWIGBH), three counts of felonious assault, one count of being a felon in possession of a firearm (felon-in-possession), one count of felony-firearm, and two misdemeanor counts. *Smith*, 506 Mich at 3. The court ordered that the felony-firearm sentence be served consecutive to each of the remaining felony counts. *Id*. The Supreme Court concluded "that the felony-firearm sentence cannot be consecutive with the two AWIGBH sentences because, although AWIGBH was listed in the information as a predicate felony for felony-firearm, the jury did not explicitly find that defendant possessed a firearm during the commission of the AWIGBH offenses." *Id*. at 7. Further, the appropriate remedy was to order "that the judgment of sentence be amended to indicate that the two-year sentence for felony-firearm is to be served consecutively with only a single felony sentence." *Id*. at 7-8. The Supreme Court then explained the aforementioned footnote in *Clark*:

> It is undoubtedly true that the complaint and the information may list multiple and alternate felonies as the predicate felony for a single felony-firearm count when the underlying facts of the case support such a charging decision. However, in cases such as the instant case in which the prosecutor does so and the jury does not explicitly find that the defendant committed a particular predicate felony with a firearm, the felony-firearm sentence cannot be consecutive with that predicate felony sentence. Instead, in such cases, the prosecutor might be better advised to file multiple felony-firearm counts, each of which is predicated upon a particular and unique felony. In any event, we reiterate that when the finder of fact does not explicitly find that the defendant committed a particular predicate felony with a firearm, the felony-firearm sentence cannot be consecutive with the sentence for that predicate felony. [*Id*. at 8-9 (footnotes omitted).]

The present case is indistinguishable from *Smith*. Defendant was found guilty of five counts of AWIM, five counts of felonious assault, and one count of felony-firearm. For each count of felonious assault, the information listed a firearm as the "dangerous weapon." For the count of felony-firearm, the information listed the predicate felony as "Assault with Intent Murder and/or Felonious Assault." Conviction of the AWIM counts did not require proof that defendant possessed a firearm, and the jury did not specify which count or counts served as the basis for the felony-firearm conviction. Because the jury did "not explicitly find that" defendant committed AWIM "with a firearm, the felony-firearm sentence cannot be consecutive with the sentence for" AWIM. *Smith*, 506 Mich at 8-9. Accordingly, the judgment of sentence must be amended to indicate that the sentence for felony-firearm is to be served consecutive to one of the five counts for felonious assault. *Id*. at 8 n 5.

## B. RETROACTIVE APPLICATION

The prosecution does not contest defendant's argument that his sentence does not comport with the Supreme Court's holding in *Smith*. Instead, it argues that *Smith* created a new rule that should not be applied retroactively. The general rule is that judicial decisions are given complete retroactive effect. *People v Vansickle*, 303 Mich App 111, 119; 842 NW2d 289 (2013). "However, when a judicial decision announces a new rule, retroactive application does not extend to cases which have already become final, because, at some point, the rights of the parties should be considered frozen and a conviction final." *People v Motten*, ___ Mich App ___, ___; ___ NW3d ___ (2024); slip op at 3-4 (quotation marks, citation, and alteration omitted). This exception to

the general rule of retroactive application does not help the prosecution because *Smith* did not create a new rule.

"A case announces a new rule when it breaks new ground or imposes a new obligation on the" government. *Id*. at ___; slip op at 4 (quotation marks, citation, and alteration omitted). "This inquiry focuses on whether the rule was dictated or compelled by preexisting precedent. If previous decisions merely suggested or supported the rule, it will still be deemed new . . . ." *Id*. (citation omitted). In *Smith*, the Supreme Court merely explained how the rule articulated in *Clark* applied in a specific context. In *Clark*, the Supreme Court held that a sentence for felony-firearm is only consecutive to the sentence for the particular felony that served as the predicate offense. *Clark*, 463 Mich at 463-464. In this case, the court plainly violated the *Clark* rule by ordering that the sentence for *one* count of felony-firearm be served consecutive to *ten* other felony counts. Pursuant to the Supreme Court's holding in *Clark*, the sentence for felony-firearm should only be consecutive to one of the other ten felony counts. In *Smith*, the Supreme Court clarified that the dictum in *Clark* should not be construed so as to mean that one count of felony-firearm can be served consecutive to multiple felony counts simply because multiple felonies were listed as potential predicates in the information.[5] *Smith*, 506 Mich at 8-9. The Court further clarified that the count of felony-firearm should be served consecutive to one of the counts in which the jury necessarily found that the defendant possessed a firearm. Because there was no new rule, *Smith* applies retroactively.

## C. GOOD CAUSE AND ACTUAL PREJUDICE

Finally, the prosecution argues that defendant is not entitled to relief from judgment because he has not established good cause for failure to raise the issue on appeal or actual prejudice. Subchapter 6.500 of the Michigan Court rules governs motions for relief from judgment, and MCR 6.508(D) provides in relevant part:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> *   *   *
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

---

[5] "Finally, we take this opportunity to clarify the import of footnote 11 in *Clark*. It is undoubtedly true that the complaint and the information may list multiple and alternate felonies as the predicate felony for a single felony-firearm count when the underlying facts of the case support such a charging decision." *Smith*, 506 Mich at 8.

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

\* \* \*

(*iv*) in the case of a challenge to the sentence, the sentence is invalid.

Regarding good cause, it is well established that ineffective assistance of appellate counsel constitutes good cause for the failure to raise grounds for relief on direct appeal. *People v Gardner*, 482 Mich 41, 50 n 11; 753 NW2d 78 (2008). "[T]he test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. Hence, defendant must show that his appellate counsel's decision not to raise [this argument] fell below an objective standard of reasonableness and prejudiced his appeal." *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008) (citation omitted). The first prong of ineffective assistance is established because *Clark* was decided more than a decade before defendant's initial appeal, and there was no valid strategic reason not to raise a meritorious appellate argument. The second prong of ineffective assistance is established because the failure to raise the issue resulted in this Court's affirmance of an invalid sentence. The fact that defendant's sentence is invalid also establishes actual prejudice pursuant to MCR 6.508(D)(3)(b)(*iv*).

## III. CONCLUSION

We reverse the trial court's order denying defendant's motion for relief from judgment. We remand this case to the trial court for correction of defendant's judgment of sentence to indicate that his sentence for felony-firearm is to be served consecutive to his sentence for one of the five counts of felonious assault. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

-6-